**AMERICAN FIRE INS. CO. et al. v. CINNAMON et al.**

No. 5573.

United States District Court
W. D. Missouri, W. D.

Sept. 21, 1951.

218

Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for plaintiff.

Granoff & Levy, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

This case was heretofore tried to the court without the intervention of a jury. The action was originally brought by the several insurers under the familiar statute providing for declaratory judgments. 28 U.S.C.A. §§ 2201, 2202.

There is no dispute but that the several plaintiffs granted their several policies to the defendants and that said insurance covered merchandise located in a building designated and described as 225 West Eighth Street, in Kansas City, Missouri. Moreover, there is no controversy but that in the late afternoon of September 28, 1948, a fire occurred in said building and that the property or merchandise covered by the insurance was seriously damaged and that in due time following the fire the defendants made claims against the separate plaintiffs for damages aggregating $75,000.

Proofs of loss were waived by the plaintiffs, and on February 14, 1949, the several plaintiffs united in a common action for a declaratory judgment and by their complaint they disavowed liability on the several grounds that the defendants had violated the express provisions of the several policies and had committed fraud against the plaintiffs by either setting fire to the premises and the merchandise stored therein or that some one had done it with their knowledge and consent. Moreover, it was claimed in said action that the said defendants had fraudulently misrepresented the condition of said property and the amount and extent of the losses alleged to have been sustained by them.

In due time, to-wit, on March 22, 1949, the defendants answered the averments of the complaint by specific denials of that portion of the complaint which charged them with fraud in either setting or causing the fire to be set and in misrepresenting the condition of the merchandise and the extent of the damages. The defendants then by counterclaim asserted or interposed claims against the plaintiffs for an aggregate in loss of $75,000 to cover the alleged damages accruing to their property by reason of the fire mentioned and they prayed for judgment against each defendant in accordance with the amount granted or covered by its insurance.

Upon the factual issues thus joined an extensive and prolonged trial was had. The defendants by direction of the court assumed the burden of procedure and proof and undertook to establish the fact of the fire and the extent of the loss. Since it was admitted that the fire occurred at the time and place above mentioned, the only burden placed upon the defendants in making their prima facie case was to show the extent of their claimed losses. It appeared from their evidence that with negligible exceptions the purchase of their raw material for manufacturing purposes was made in New York and that they had on hand in bulk goods, or materials in process of manufacture, or completely processed merchandise, the amounts claimed by them and that the losses sustained were as claimed.

The plaintiffs offered testimony which tended to disparage and minimize both the quantity and quality of the merchandise as claimed by the defendants, but on this issue the testimony preponderated in favor of the defendants. This is true for the reason that records or books kept concerning the merchandise purchased disclosed that the bulk goods, or raw material on hand, the quantity being processed, and the finished product was as claimed by defendants. The issue on this question should be found for the defendants.

■ The remaining question is whether the fire was set by the defendants, or one of them, or by some person with their know-

ledge and consent. On this issue the plaintiffs properly assumed the burden of proof and it was established by them that at the time of the fire the defendants were heavily involved in debt and that their business or enterprise had been and was a losing one, that is to say, that they were sustaining losses rather than making profits and that they were being pressed by their creditors.

The fire occurred shortly after 5 o'clock the late afternoon of September 28, 1948. The defendant, Sam Cinnamon, was the last to leave the premises. He left his office at 5:06 P.M., on the 3rd floor of the building where the merchandise was stored and the factory located, and in a very few moments thereafter a fire alarm was given and the Fire Department of Kansas City responded to the alarm and extinguished the fire. This was not accomplished until the merchandise to a considerable extent was damaged and particularly merchandise stored in what was designated as the "bin" or a compartment on the 3rd floor of the building consisting of bolt goods. The compartment was locked and only said defendant, Sam Cinnamon, and one other carried the key thereto. Apparently the fire originated in the bin where the bolt goods were stored. And there was evidence that an inflammable material named or designated as "Moth-Kill" had been sprinkled over such merchandise. When the firemen reached the place after the alarm, they found dense smoke in the bin and several testified that there was fire, not only in the bin where the bolt goods were stored but several fires on tables somewhat remote from said bin. These facts justified the inference as drawn by the witnesses that the fires were incendiary and that named isolated fires were not communicated from the fire in the bin. However, those officers of the Fire Department and others whose duty it was to make reports upon the causes of the fire did so at the time and characterized the origin as "unknown." No references or reports were made about separate fires, and they only named the one that raged in the bin. No investigation was pursued for arson or incendiarism as the facts given at the trial would have clearly justified. On the contrary, the whole matter was permitted to rest on the theory that the cause of the fire was unknown.

In rebuttal the defendants established that in the afternoon immediately preceding the fire there were obvious signs and indications of a fire in the vicinity of such merchandise and that a brief investigation was made which failed to disclose the existence of a fire. It was further made clear by the defendants that their heavy indebtedness had been either paid in full or had been amply secured so that creditors were protected and did not stand to lose by reason of the operations of the business.

Co-defendant Sam Cinnamon testified concerning his presence in the building until he left at the time mentioned. He denied explicitly and in great detail on cross-examination that he had set fire to his merchandise or that any one had done so with his knowledge and consent. His testimony was clear, unequivocal and without contradiction.

There is some evidence on the part of the plaintiffs that parcels of merchandise had been taken out of said premises and stored elsewhere immediately preceding the fire. Such testimony was not substantiated, or, if so, it was overcome by explanatory proof.

It is upon this factual issue that the court must reach a conclusion as to whether the defendants committed a fraud against the plaintiffs and voided their insurance by causing the fire which damaged their merchandise.

■ 1. Since this as a charge of fraud perpetrated by committing the crime of arson, the cases are at one as to the quantum of proof devolving upon the litigant asserting the fraud. An adverse presumption is to be overcome. It is well expressed by 32 C.J.S., Evidence, § 1023, p. 1059, under the general heading "Clear and Convincing Proof": "In a number of cases, however, where an adverse presumption is to be overcome, or on grounds of public policy and in view of peculiar facilities for perpetrating injustice by fraud and perjury, the degree of proof required is expressed in such terms as 'clear,' 'clear and conclusive,' 'clear, precise, and indubitable,'

'convincing,' 'entirely satisfactory,' 'satisfactory,' 'strong,' and 'unequivocal,' * *."

■ Since the claimed fraud involves commission of crime it does not seem amiss to quote from 6 C.J.S. § 38, p. 759, on the general subject of Arson, where it was said that: "a conviction may be had on circumstantial evidence, but the circumstances relied upon must be clearly and unequivocably proved, and be consistent with each other and with the hypothesis that accused is guilty, and inconsistent with the hypothesis that he is innocent and with every other rational hypothesis except that of guilt." And on the general subject of Fraud, 37 C.J.S., § 115, p. 438, it was said as follows: "When it is sought to prove fraud by circumstantial evidence, the fraud must be such as would reasonably and naturally follow from the circumstances so proved, and fraud will not be lightly inferred." And 10 R.C.L. Section 196, p. 1007, relating to the general subject of "Evidence" lays down the textual rule as follows: "A theory cannot be said to be established by circumstantial evidence, either in a civil or a criminal case, unless the facts and circumstances shown are not only consistent with such theory, but absolutely inconsistent with any other rational theory." This is in accord with usual instructions given to juries in civil cases on the subject of circumstantial evidence, as the jury must find that the circumstances relied upon by plaintiff as sustaining his theory are wholly inconsistent with any other reasonable hypothesis as to the cause of the fire.

■ The late Judge McDermott of the 10th C.C.A. in Tucker v. Traylor Engineering & Manufacturing Co., 48 F.2d 783, loc. cit. 786, laid down the fundamentals in respect of fraud as follows: *"But a finding of fraud cannot be bottomed on even plausible suspicion.* (Emphasis mine.) Fraud is never presumed; it must be established by clear, satisfactory, and convincing evidence. * * * If the circumstances are as consistent with honesty as with dishonesty, the inference of honesty must be drawn". And, in like manner, the 6th C.C.A. in Lackawanna Pants Mfg. Co. v. Wiseman, 133 F.2d 482, loc. cit. 486, said: "Nevertheless, it is settled law that fraud is not to be presumed and that something more is required than the mere weight or preponderance of evidence. To establish fraud it is essential that the evidence * * be clear, uniquivocal and convincing. It must be cogent and leave the mind well satisfied that the allegations are true."

■ Judge Hulen of the District Court, E. D. of Missouri, in United States v. United States Cartridge Co., 95 F.Supp. 384, loc. cit. 418, epitomized the rule and stated same concisely as follows: "Fraud is never presumed but must be proved. * * * The cases hold more than that the mere weight or preponderance of evidence is required. The evidence must be clear, unequivocal and convincing. * * While proof of fraud may be accomplished by circumstantial evidence, fraud may not be proved by building inference on inference."

■ 2. To find for the plaintiffs in this case would be to convict the co-defendant Sam Cinnamon, not only of fraud as to the extent of the loss, but would convict him of positive arson, a most hateful criminal offense. There is no pretense in the evidence that this co-defendant caused the fire to be set by another but that, being the last person to leave the building, and the fire occurring immediately, the inference is drawn that he himself set the fire. As stated by counsel for the defendants, "Arsonists do not perform in such a way." Their methods are secretive and roundabout. They do not approach their evil deeds with such directness and leave open their own exposed conduct.

Both before and after the fire there was not one act or word of said co-defendant that would either indicate that he had committed the evil deed or that he was guilty of complicity in connection therewith. Moreover, there were many hypotheses as to how the fire could have occurred, bad electric wiring, or the existence of conditions which in so many cases cause spontaneous fires.

3. There was some evidence that the merchandise had been saturated with an inflammable material or liquid. Such evidence was either without substance or it was disproved. It is true that a liquid des-

ignated as "Moth-Kill" had been used on such merchandise and there was evidence that a container partially filled with the liquid was found in the bin where the greatest fire existed. The officials of the Fire Department, whose duty it was to investigate the cause of the fire, did not preserve this liquid. It appeared to be an unoffending substance until this law suit gave it significance. An employee who testified that he had been directed to saturate the merchandise with the liquid was completely discredited. Furthermore, if the merchandise had been saturated with inflammable liquids, any one setting fire to the merchandise as inferred by plaintiffs would have done so at the greatest hazard and peril to his life.

4. The only remaining question is whether the plaintiffs have vexatiously refused or delayed payment of the claim as alleged by the defendants. The court must hold to the contrary. The plaintiffs produced at the trial such proof as would justify them in inferring that fraud had been perpetrated against them. While it is the opinion of the court that they failed to sustain their theory of the case, yet, in the light of the evidence produced by them, they were justified in making their defense.

Accordingly, the judgment of the court will be for the amount of damages claimed by the defendants and for that purpose a journal entry will be prepared and submitted by counsel for the defendants. Requested findings of fact and conclusions of law have been marked "given" or "refused" for both litigants.