215 N.J. Super. 155 (1987)
521 A.2d 849
MICHAEL E. OLESAK, PLAINTIFF-APPELLANT,
v.
CENTRAL MUTUAL INSURANCE COMPANY AND ROYAL GLOBE INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1986.
Decided February 3, 1987.
*156 Before Judges J.H. COLEMAN and R.S. COHEN.
Michael F. Chazkel argued the cause for appellant.
Robert A. Scirocco argued the cause for respondents (Maloof, Lebowitz & Bubb, attorneys; Robert A. Scirocco, on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
This is a claim for fire insurance proceeds. Plaintiff Michael E. Olesak owned a home which was insured against fire loss by defendant insurers. It was damaged in a fire on August 9, 1982, and this suit was ultimately brought for recovery on the policies. It was tried to a jury which found, in answer to an interrogatory, that plaintiff "deliberately and intentionally caused a fire at his dwelling for the purpose of making a claim for the damages...." From the judgment entered on the jury verdict, plaintiff appealed to this court. We affirm.
*157 Plaintiff was an experienced fire claims adjuster who had lost his job with an insurance company some seven months before the fire. He and independent witnesses agreed that he had been drinking heavily on the night of the fire. Counsel's opening asserted that he had become an alcoholic and did not recall the events. On the witness stand, plaintiff denied setting the fire.
In his testimony on damages, plaintiff described his $64,975 proof of loss of house contents, which included 70 dress shirts worth $35 each, 16 suits worth $300 each, a $7,500 oriental rug, a $6,400 bedroom set, three pairs of ski boots each worth $300, and 1,000 tennis balls. He had no documentary evidence of purchase or of price, and offered no explanation how he accumulated all of these goods on his $26,000 salary. Although this testimony did not bear directly on the issue of arson, it may well have damaged plaintiff's credibility and convinced the jury that plaintiff's account of the fire was about as dependable as his account of his losses.
Plaintiff's denial that he had set the fire was contradicted by other evidence. An emergency room nurse smelled gasoline on his clothing. Investigators smelled gasoline in the basement where the fire started. A laboratory found traces of gasoline in samples of material from the basement. There were three separate points of fire origin found. Finally, there was plaintiff's statement after the fire that, when it explosively started, he was on the front lawn and was blown 150 feet through the air. In the absence of substantial explosion damage to the house, the defense fire expert said, such a thing was impossible.
Before this court, plaintiff makes three arguments. They are:

 POINT I: PLAINTIFF WAS ENTITLED TO AN ADVERSE
 INFERENCE CHARGE DUE TO THE DEFENDANT'S
 FAILURE TO CALL AS AN EXPERT WITNESS,
 RICHARD O'NEILL, AND AS FACT WITNESSES,
 RAYMOND VLIET AND LEONARD BILEKIN.

*158
 POINT II: THE DEFENSE OF ARSON (INSURANCE FRAUD)
 MUST BE PROVED BY CLEAR AND CONVINCING
 EVIDENCE.
 POINT III: THE COURT IMPROPERLY PERMITTED THE
 DEFENDANT'S EXPERT, WILLIAM SLOWICK, TO
 TESTIFY AS TO THE CAUSE AND ORIGIN OF THE
 FIRE.

We have carefully reviewed all of the arguments. We find Points I and III to be clearly without merit. R. 2:11-3(e)(1)(E). As to Point I, we comment only that Vliet and Bilekin were equally available to be called to the stand by plaintiff, and that O'Neill did testify for defendants as a fact witness. As to Point III, we comment only that defendant's expert did use facts not in evidence to support his expert opinion, but the bulk of them were of a type normally reasonably relied on by fire experts in forming inferences and opinions. Evid.R. 56(2). If any error occurred, it related to peripheral matters and was incapable of producing an unjust result. R. 2:10-2. As to the matter of the photocopied photographs, the jury heard the varying testimony and had the opportunity to judge the truth of the expert's explanation and its effect on his ultimate opinion.
It is plaintiff's second argument, relating to the jury instructions, which deserves more complete exploration. Plaintiff argues that the jury should have been told that the insurer's burden was to prove arson by clear and convincing evidence, and not, as they were charged, by a preponderance of the evidence. The parties agree that there is only one reported opinion in New Jersey which mentions the issue. Miller & Dobrin, etc., Co. v. Camden Fire, etc., Assn., 55 N.J. Super. 205 (Law Div. 1959).
Plaintiff bases his argument on the absence of any insurance policy provision excluding fires set by the insured and the presence of statutorily-required policy language concerning fraud occurring before or after a loss. Such fraud voids the policy if the insured willfully conceals or misrepresents any material fact or circumstance. N.J.S.A. 17:36-5.20. Plaintiff argues that arson is not excluded as such, but that recovery is denied an insured who sets fire to covered property on common *159 law principles depriving a wrongdoer of benefits sought by fraud. He then argues that as a general matter fraud sufficient to rescind a contract must be proved by clear and convincing evidence. Armel v. Crewick, 71 N.J. Super. 213, 217-218 (App.Div. 1961); College Silk Throwing Co. v. American Credit Indemnity Co., 43 F.2d 668 (3 Cir.1930). Plaintiff's proffered conclusion is that therefore the insured's defense of arson must be proved by clear and convincing evidence. He cites cases so holding. See e.g., Carpenter v. Union Insurance Society of Canton, Ltd., 284 F.2d 155, 162 (4 Cir.1960); American Fire Ins. Co. v. Cinnamon, 100 F. Supp. 217 (D.C.Mo. 1951); see also American Universal Ins. Co. v. Falzone, 644 F.2d 65 (1 Cir.1981).
We disagree. In our view the defense of arson against a fire insurance claim is established if it is proved by a preponderance of the evidence. The Law Division so stated twenty-seven years ago. Miller & Dobrin, etc., Co. v. Camden Fire, etc., Assn., 55 N.J. Super. 205, 214-215 (Law Div. 1959). The United States Court of Appeals for the Third Circuit held that in New Jersey a defense based on fraud in an insurance application must be proved by clear and convincing evidence, but distinguished the arson defense discussed in Miller & Dobrin, supra, and indicated that that defense need only be proved by a preponderance of the evidence. Batka v. Liberty Mut. Fire Ins. Co., 704 F.2d 684, 688 and 689, n. 2 (3 Cir.1983). The rule is described by Couch on Insurance 2d, § 74:667 at 982-983 (1983), and Appleman, Insurance Law and Practice, § 12229 at 252-255 (1980). It is supported by the better authorities. See e.g., Gardner v. Wilkinson, 643 F.2d 1135, 1137 (5 Cir.1981) (Mississippi law); Greenberg v. Aetna Insurance Company, 427 Pa. 511, 235 A.2d 576 (Sup.Ct. 1967); Werner's Furniture, Inc. v. Commercial U. Ins. Co., 39 Ill. App.3d 59, 349 N.E.2d 616, 620-621 (Ct.App. 1976); cases cited in Appleman, § 12229 at 253-254, n. 2.
*160 We see no useful purpose to be served by requiring clear and convincing proof of arson to defeat a fire insurance claim. Framing the matter as a suit by the insurer to rescind the insurance contract does not help to resolve it. The fact that the act charged is criminal seems to us to be an insufficient basis to require stronger proofs in the civil case. The arson defense is most accurately viewed as an allegation that the insured purposely created the loss and therefore should not benefit from it. Nothing in policy or concept defeats the defense if the insurer proves by a preponderance of the evidence that is probably true.
Affirmed.