842 A.2d 296

DIRECT MERCHANTS CREDIT CARD BANK, PLAINTIFF–RESPONDENT, v. JOSEPH G. ABBONDANZO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 5, 2004—Decided March 3, 2004.

210

Before Judges HAVEY, NEWMAN and HOENS.

*Joseph G. Abbondanzo,* appellant pro se.

*Eichenbaum, Kantrowitz, Leff & Gulko,* attorneys for respondent (*Roopal Gupta,* on the brief).

The opinion of the court was delivered by

HOENS, J.A.D.

Defendant Joseph G. Abbondanzo appeals from the order of the Law Division, Special Civil Part, dismissing the complaint against him without prejudice. We reverse and remand.

The facts, as we glean them from the record on appeal, are as follows. Plaintiff Direct Merchants Credit Card Bank filed a complaint in the Law Division, Special Civil Part, in November 2001 asserting that defendant was indebted to it in the amount of $3504.07 then alleged to be due. The bank contended that the sum demanded represented charges to a credit card it had issued to defendant, together with fees and finance charges that had been added to the outstanding balance when defendant failed to make the payments on time. Defendant, representing himself, filed his answer to the complaint late in December 2001. The bank served interrogatories on plaintiff in mid-January 2002 which, pursuant to the rules applicable to the Special Civil Part, were required to be answered thirty days thereafter. *R.* 6:4–3(a). When defendant failed to respond, plaintiff filed a motion to strike his answer, *see Rule* 6:4–3(b), which was granted as unopposed in an order dated March 15, 2002.

Two days prior to the order striking the answer, defendant had filed his opposition to the motion, asserting that the interrogatories were overbroad and burdensome, that he had no responsive documents, and that he was not required to provide evidence to plaintiff in the absence of production of evidence by plaintiff, which evidence he then demanded. That response also included defendant's request for an adjournment of any trial until after his completion of other unrelated matters then being litigated in federal court. In a subsequent order dated April 15, 2002, the judge deemed defendant's opposition to be a motion to vacate the March 15, 2002 order, given that it was not a timely opposition to

the motion that led to that order. The judge then denied that application on the ground that vacating the dismissal order required service of the outstanding answers to interrogatories, *see Rule* 6:4–3(b), a condition with which defendant had not complied.

In May 2002, defendant served plaintiff with his answers to the interrogatories and with his own set of interrogatories and a request for the production of documents. He submitted an order to the judge then assigned to the Special Civil Part which reinstated his answer and directed plaintiff to comply with his discovery demands. The judge executed that order on May 31, 2002 and added a directive that the matter be listed for trial. A few days later, a notice listing the case for trial on June 25, 2002 was sent to the parties.

On June 17, defendant filed a motion he described as a motion for leave of court. The essence of defendant's motion was his request to adjourn the trial then scheduled for June 25 based on his participation in the unrelated matters being litigated in federal court, his contention that the trial could not proceed because plaintiff had failed to provide him with the discovery he had requested, and his suggestion that summary judgment motions might be a more efficient method of resolving the dispute once the discovery had been exchanged. At about the same time as defendant filed his motion, the bank filed with the court a form stipulation of dismissal. That form was not signed by defendant and apparently was not sent to him in advance of its filing. It appears, however, that the stipulation was honored and the complaint was dismissed on June 19, 2002, no decision having been made on defendant's motion. Thereafter, in late July 2002, the bank sent correspondence to defendant enclosing copies of statements relating to the charges on the credit card and advising that the debt that plaintiff sought to collect had increased to $3638.15, but the bank did not send responses to the interrogatories and did not produce any of the other documents that defendant had demanded.

Defendant then filed a further motion, in which he sought to amend the dismissal order to reflect that it was a dismissal with prejudice.[1] On September 4, 2002, the judge then assigned to the Special Civil Part denied the motion, noting, "This case was dismissed by Plaintiff's stipulation of dismissal on 6/19/02. Pursuant to Rule 4:37–1 the dismissal is without prejudice. This case is now closed."

On appeal, defendant argues that it was error to dismiss the complaint pursuant to Rule 4:37–1(a) without his consent and that it would have been more appropriate to dismiss the complaint with prejudice based on plaintiff's failure to respond to his interrogatories. Because we find merit in the first argument, and because there is no evidence in the record on appeal that the alternative ground for dismissal was raised in the proceedings before the Special Civil Part judge, we reverse and remand, addressing only so much of defendant's contentions as is appropriate.

Rule 4:37–1 provides in relevant part as follows:

4:37-1. Voluntary Dismissal; Effect Thereof

(a) By Plaintiff; By Stipulation. Subject to the provisions of R. 4:32–4 (class actions), R. 4:53–1 (receivership actions) and R. 4:60–18 (attachment actions), an action may be dismissed by the plaintiff without court order by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or by filing a stipulation of dismissal specifying the claim or claims being dismissed, signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice.

Plainly, the Rule, which is applicable to the Special Civil Part through the operation of *Rule* 6:5–1, limits voluntary dismissal of a complaint by a plaintiff to two circumstances, neither of which was applicable to the attempted dismissal sought here by the bank.

---

[1] The record on appeal does not include the motion papers filed in support of this motion, which was also referred to by defendant as a petition for mandamus. Nor does the record include certifications or a brief, if any, filed in opposition to this motion. Rather, our description of the motion is based on the order executed by the judge on September 4, 2002, a portion of which reflects defendant's articulation of his request for relief.

Simply put, because defendant had already served and filed his answer, plaintiff could only achieve the benefit of a voluntary dismissal if it secured his consent to that dismissal, evidenced by his signature on the stipulation. Utilizing a form entitled a stipulation which did not include defendant's consent was ineffective to secure a voluntary dismissal without prejudice because it did not comply with the clear dictate of the Rule. We therefore agree with defendant that it was error for the complaint to be dismissed because the Rule relied upon by the court simply did not give plaintiff the right to do so absent defendant's consent.

While plaintiff suggests that defendant was not prepared to proceed to trial and would have consented to the dismissal of the complaint had he been consulted, we decline to speculate about whether or not he would have made that choice. Suffice it to say, however, that in light of his motion seeking, in essence, to compel plaintiff to provide him with the discovery he had previously requested and seeking an opportunity to address the issues by way of cross-motions for summary judgment, defendant might well have preferred to have had the benefit of a decision on those applications prior to having to make a choice between whether to consent to a dismissal or be forced to proceed to trial. More to the point, the choice was defendant's to make, as the Rule does not vest in plaintiff the right to voluntarily dismiss litigation once an answer has been filed, but only permits plaintiff to seek defendant's consent to do so.

Nor is requiring strict adherence to the Rule regarding voluntary dismissal merely a matter of elevating form over substance. Because the voluntary dismissal pursuant to the Rule is ordinarily a dismissal without prejudice, it carries with it the significant benefit to plaintiff of permitting it to proceed anew upon the complaint, as long as the statute of limitations has not run, thus exposing defendant to the risk that, years later, the matter will be revived. In the circumstances of this matter as revealed in this record, that risk was a substantial one and one that carried with it the likelihood that plaintiff would, when it chose to revive or refile

the complaint, seek to recover from defendant far more than the sum originally charged to the account, as the plaintiff plainly contemplated that fees and interest on the outstanding balance would continue to accumulate. In these circumstances in particular, we think it inappropriate to presume that defendant would have elected to consent to a dismissal without prejudice.

Defendant requests that we address as well the alternate ground for dismissal he asserts would have been appropriate, namely a dismissal with prejudice based on the bank's discovery violations. *See R.* 4:23–5(a)(2); *see also R.* 6:4–3. It appears from the unfortunately sparse record on appeal that the propriety of dismissal on these grounds was not raised in defendant's motions or applications in the Special Civil Part. We note, therefore, that our review would be inappropriate, as issues not properly litigated in the trial court will not be considered on appeal unless they raise questions of jurisdiction or public importance. *See, e.g., Brock v. Public Service Elec. & Gas Co.,* 149 *N.J.* 378, 391, 693 *A.*2d 894 (1997); *Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973); *Triffin v. Somerset Valley Bank,* 343 *N.J.Super.* 73, 79, 777 *A.*2d 993 (App.Div.2001).

There is no indication in the record that this newly raised argument relates to jurisdiction or raises a matter of public importance sufficient to overcome our usual practice of declining to address such issues. Defendant is free to raise this matter before the Special Civil Part judge as appropriate.

We therefore vacate the dismissal of the complaint, reverse the order of September 4, 2002 and remand this matter for further proceedings in the Law Division, Special Civil Part, consistent with this opinion. We do not retain jurisdiction.