998 A.2d 535 (2010)
414 N.J. Super. 351
ASHI-GTO ASSOCIATES, Plaintiff-Respondent,
v.
IRVINGTON PEDIATRICS, P.A. and Bernier Lauredan, M.D., Defendants-Appellants.
ASHI-GTO Associates, Plaintiff-Appellant,
v.
Irvington Pediatrics, P.A. and Bernier Lauredan, M.D., Defendants-Respondents.
DOCKET NO. A-5054-08T2, A-5265-08T2.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 2010.
Decided July 15, 2010.
*537 Dean R. Maglione, Newark, argued the cause for Irvington Pediatrics and Bernier Lauredan, M.D., appellants in A-5054-08T2 and respondents in A-5265-08T2.
Harry Jay Levin, Toms River, argued the cause for ASHI-GTO Associates, respondent in A-5054-08T2 and appellant in A-5265-08T2 (Levin Cyphers, attorneys; Colleen Flynn Cyphers and Kelly Hamilton Uliano, on the briefs).
Before Judges WEFING, GRALL and LeWINN.
*538 The opinion of the court was delivered by WEFING, P.J.A.D.
These two appeals were calendared back-to-back because they arise out of the same factual complex, and the issues presented are inter-related. We consolidate them for purposes of this opinion. In A-5054-08, defendants appeal from an amended judgment entered on May 4, 2009, following a jury's verdict in plaintiff's favor.[1] In A-5265-08, plaintiff appeals from the trial court's post-trial denial of its application for counsel fees. After reviewing the record in light of the contentions advanced on appeal, we affirm on both appeals.
These appeals flow from a landlord-tenant dispute between the parties with respect to premises in Irvington owned by plaintiff and leased to Lauredan as office space for his medical practice. Although plaintiff also leased office space to Lauredan in Perth Amboy for an additional medical office, the appeal which is before us relates only to the Irvington lease, for which Lauredan had given a personal guarantee.
Lauredan signed a seven-year lease, commencing on November 1, 1995, and running through October 31, 2002, for office space located on the first floor of the premises. Plaintiff's principal, Clifford Lisman, D.M.D., conducted a pediatric dental practice on the second floor. In May 1999, Lauredan abandoned the premises, and plaintiff filed suit for unpaid rent. Unfortunately, for a variety of reasons, most of which are attributable to defendant, the trial on plaintiff's complaint did not commence until December 2008.[2]
Lauredan had similarly abandoned the Perth Amboy office on the same date, and plaintiff commenced a companion suit in Middlesex County for unpaid rent for that office space. In October 2001, the parties' attorneys executed identical orders, each stating that the parties had "agreed to enter into binding arbitration to resolve the issues" and dismissing each matter with prejudice. Arbitration, however, did not proceed.
According to certifications submitted by plaintiff, the commencement of arbitration proceedings was delayed for more than a year due to defendant's insistence that the arbitrator be African-American. The extensive record before us contains nothing from Lauredan contesting that statement. Finally, in January 2003, an arbitrator was appointed. The first hearing before that arbitrator, however, did not take place until December 2003. At that point, Lauredan walked out of that proceeding, insisting that he had only agreed to arbitrate the Middlesex County dispute and had never agreed to submit the Essex County dispute to arbitration. By that time, Lauredan was represented by at least his third attorney.
In September 2005, plaintiff successfully moved to reinstate the Middlesex County litigation. The trial court's order, entered October 24, 2005, directed the parties to "endeavor to complete arbitration as soon as feasible." An arbitration hearing was to take place in January 2006, but defendant cancelled that, saying he was going to retain new counsel.
*539 In April 2007, plaintiff filed a motion to reinstate the Essex County litigation. Plaintiff's counsel attributed the delay to his mistaken belief that the October 2005 order had reinstated both the Middlesex County and the Essex County actions. Defendant, now represented by his current attorney, opposed that motion, arguing that reinstatement was barred by the six-year statute of limitations governing contract actions, N.J.S.A. 2A:14-1, as well as by laches and estoppel. The trial court rejected these arguments and granted the reinstatement motion. Defendant thereafter filed two motions for reconsideration, both of which were denied.[3]
Following those motions, a trial date of November 13, 2007, was set. Plaintiff's request for an adjournment until January 7, 2008, was granted but, due to an administrative error, the case was dismissed. Plaintiff's motion to reinstate the matter was granted in March 2008 and trial scheduled for June 23, 2008. Due to another administrative error, the case was again marked as dismissed, and the trial was then again rescheduled for September 2008.
In the interim, defendant's current attorney filed several discovery-related motions, including a motion in June 2008 to extend discovery, which was denied, and a motion in August to dismiss plaintiff's complaint for failure to provide discovery. This also was denied and resulted in a sanction of $300 on defendant's attorney for filing a frivolous motion. Trial finally got underway on December 10, 2008. In response to specific interrogatories, the jury rejected the defense of constructive eviction, found plaintiff had not mitigated its damages, and returned a net award in plaintiff's favor for $67,645.03.
Defendant presents the following arguments on appeal:
POINT I
JUDGE FURNARI ERRED WHEN HE RE-INSTATED THE COMPLAINT BECAUSE IT HAD BEEN DISMISSED WITH PREJUDICE PURSUANT TO R. 4:37-1.
POINT II
JUDGE FURNARI ERRED WHEN HE RE-INSTATED THE COMPLAINT BECAUSE THE CAUSE OF ACTION WAS TIME BARRED UNDER THE SIX YEAR STATUTE OF LIMITATIONS APPLICABLE TO CONTRACT ACTIONS
POINT III
JUDGE FURNARI ERRED WHEN HE RE-INSTATED THE COMPLAINT DUE TO THE DOCTRINE OF LACHES
POINT IV
JUDGE FURNARI ERRED WHEN HE RE-INSTATED THE COMPLAINT DUE TO THE DOCTRINE OF ESTOPPEL
POINT V
JUDGE FURNARI ERRED IN DENYING PLAINTIFFS' [sic] MOTION FOR RECONSIDERATION OF ITS OPINION AND ORDER OF JUNE 22, 2007 AS HE FAILED TO CONSIDER THE CASE OF DIRECT MERCHANTS CREDIT CARD BANK V. ABBONDANZO, 367 N.J.Super. 209, 842 A.2d 296 (APP.DIV.2004)
POINT VI
JUDGE FURNARI ERRED WHEN HE RE-INSTATED THE COMPLAINT BECAUSE THE MOTION TO VACATE THE DISMISSAL ORDER *540 WAS MADE MORE THAN ONE (1) YEAR FROM THE ENTRY OF SAME CONTRARY TO RULES 4:50-1 AND 4:50-2
POINT VII
JUDGE DAVIDSON ERRED WHEN SHE REFUSED TO CHARGE THE JURORS WITH THE ADVERSE INFERENCE PURSUANT TO MODEL JURY [CHARGE] 1.18 FOR PLAINTIFF'S FAILURE TO CALL THE PROFESSIONAL MEDICAL FACILITY WHO ALLEGEDLY FIXED THE SUCTION PUMP THAT WAS LEAKING DECOMPOSED HUMAN TISSUE ONTO DEFENDANT'S PEDIATRIC PRACTICE
POINT VIII
JUDGE VICHNESS ERRED IN NOT ALLOWING SOME DISCOVERY
We reject all of these arguments and affirm.
The decision whether to grant or deny a motion to reinstate a complaint is left to the sound discretion of the motion judge. Sullivan v. Coverings & Installation, Inc., 403 N.J.Super. 86, 93, 957 A.2d 216 (App.Div.2008) (citing Cooper v. Consol. Rail Corp., 391 N.J.Super. 17, 22-23, 916 A.2d 1061 (App.Div.2007)). Upon a showing of good cause, an order dismissing a matter may be set aside and the case restored; that the statute of limitations may have run in the interim is not a bar. Miller v. Estate of Kahn, 140 N.J.Super. 177, 182, 355 A.2d 702 (App.Div.1976). Once a matter has been restored, it assumes the status it possessed just prior to the dismissal. Ibid.
We reject out of hand defendant's contention that the motion judge abused his discretion when he granted plaintiff's motion to restore its complaint. We concur with the motion judge's analysis that defendant could not advance the inherently contradictory positions that he did not agree to arbitrate the Essex County dispute while at the same time maintaining that he relied to his detriment upon the order dismissing the Essex County action in favor of arbitration.
Plaintiff's initial complaint having been filed within the period of limitations, there was no statutory bar to restoration. Ibid. Further, defendant failed to demonstrate why it would be inequitable to him if the complaint were restored, an essential element to his claim of laches. Chance v. McCann, 405 N.J.Super. 547, 567, 966 A.2d 29 (App.Div.2009) ("Laches is an equitable doctrine that `is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party.'") (quoting In re Kietur, 332 N.J.Super. 18, 28, 752 A.2d 799 (App.Div.2000)). Defendant's argument that plaintiff should be estopped from seeking reinstatement of the complaint is similarly baseless. Knorr v. Smeal, 178 N.J. 169, 178, 836 A.2d 794 (2003) (stating that equitable estoppel requires a showing that a party "engaged in conduct, either intentionally or under circumstances that induced reliance, and that [the other party] acted or changed [its] position to their detriment.")
We find no merit to defendant's contention that the motion judge erred in denying his motion for reconsideration. The motion could not be accurately characterized as a motion for reconsideration because it did not rely on "matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2.
Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the court has expressed its decision based upon a palpably incorrect or irrational basis, or *541 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
[Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) (quoting D'Atria v. D'Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990)).]
In addition, the authority presented to support this motion, Direct Merchants Credit Card Bank v. Abbondanzo, 367 N.J.Super. 209, 842 A.2d 296 (App.Div. 2004), has, so far as we can perceive, no relevance to this matter.
Similarly, we reject defendant's argument that plaintiff's motion to re-instate its complaint was time-barred under Rule 4:50. He rests his argument upon his characterization that plaintiff sought relief under subsection (c) of Rule 4:50-1, which provides for seeking relief from an order entered through fraud, misrepresentation or other misconduct. Rule 4:50-2 specifies that a motion seeking relief on such a basis must be brought within one year of the order in question. Defendant's argument in this respect is wholly inconsistent with the position he took before the trial courtthat he had never consented to the order in the first place.
In our judgment, plaintiff's motion does not fall within subsection (c) of the rule but rather within subsection (f), which permits a party to seek relief from an order for "any other reason justifying relief from the operation of the judgment or order." Rule 4:50-2 only requires that a motion brought under subsection (f) be brought within "a reasonable time." Finally, we note that defendant did not raise the issue of timeliness of plaintiff's motion to restore until his second motion for reconsideration.
Similarly unavailing is defendant's argument that the trial judge erred when she denied defendant's request to include in her instructions to the jury that it could draw an adverse inference from plaintiff's failure to produce the individual who repaired the suction pump he used in connection with his dental practice.[4] The issue arose at trial in light of defendant's testimony that he vacated the premises because it was contaminated by foul leakage from Dr. Lisman's office directly overhead. We agree that the charge was unwarranted, but for reasons other than those specified by the trial court.
An adverse inference charge may be appropriate if "a party fails to call a witness" whose testimony "would have been superior" to that presented and who "was within the power of the party to produce." Witter by Witter v. Leo, 269 N.J.Super. 380, 391-92, 635 A.2d 580 (App. Div.) (quoting State v. Clawans, 38 N.J. 162, 171, 183 A.2d 77 (1962)), certif. denied, 135 N.J. 469, 640 A.2d 851 (1994). The trial court denied defendant's request on the ground that the suction pump repairman was equally available to both sides, thus making an adverse inference charge inappropriate. See Olesak v. Cent. Mut. Ins. Co., 215 N.J.Super. 155, 158, 521 A.2d 849 (App.Div.1987). Dr. Lisman, however, testified he no longer remembered who repaired the suction pump, since it had occurred so many years earlier.
Having reviewed the record in this matter, we conclude that plaintiff had no reason to anticipate, until the trial actually got underway, that the testimony of the suction *542 pump repairman would be deemed a factor. In that posture, the repairman would not fit within the category of a witness plaintiff would have been expected to call.
Defendant's final argument is that the motion judge erred when he denied defendant's motion for an extension of discovery. This motion was presented more than one year after the case had been restored to the active calendar. There is no indication that prior to filing this motion, defendant engaged in any substantive discovery. Defendant failed to establish any exceptional circumstances that would have warranted granting his motion.
We turn now to the issues presented in A-5265-08. After the jury returned its verdict, plaintiff filed a motion for attorneys' fees, contending that defendant had acted in bad faith in presenting its defense at trial. The trial court denied this motion, and plaintiff appealed. On appeal, plaintiff raises the following arguments:
POINT I
AS THE PREVAILING PARTY, PLAINTIFF IS ENTITLED TO ATTORNEY FEES BECAUSE THE NONPREVAILING PARTY KNEW OR SHOULD HAVE KNOWN THAT THE DEFENSE WAS WITHOUT ANY REASONABLE BASIS IN LAW OR EQUITY
A. The Lower Court Erroneously Concluded that Defendant did Not Act in Bad Faith in Accordance with the Objective Standard and Overlooked the Argument that the Defense Used False Allegations of Fact to Support a Legal Position
B. Defendants Frivolously Maintained a Defense that Could Not be Supported by a Rational Argument or Credible Evidence and a Reasonable Person Could Not have Expected its Success
C. The Bad Faith Defense Supported by Repugnant Racial Allegations Further Demonstrated Defendants' Purpose of Harassing, Delaying, and Maliciously Injuring Plaintiff in the Pursuit of its Claim for Unpaid Rent
D. Plaintiff's Motion for Attorney Fees Followed the Court Rules to the Extent Practicable and Demonstrated that Attorney Fees [sic]
In its moving papers, plaintiff cited to Rule 1:4-8 and N.J.S.A. 2A:15-59.1 but did not specify whether it sought sanctions against defendant's attorney under Rule 1:4-8 or defendant under N.J.S.A. 2A:15-59.1, or both. The basis for the motion was plaintiff's contention that it had prepared to defend a claim of constructive eviction based upon an allegation of inadequate heat and air conditioning and the occurrence of several leaks during the lease term but was confronted at trial with an allegation that defendant's office space had been periodically contaminated with human waste from plaintiff's dental practice and that plaintiff acted in complete disregard of the health of plaintiff's patients because they came from a poor, minority population.
While we are of the view that the trial tactics employed by defendant verge on the outrageous, we are also of the view that we are constrained to affirm the trial court's denial of attorneys' fees. We reach this conclusion for several reasons.
Initially, we note the different reach of N.J.S.A. 2A:15-59.1 and Rule 1:4-8. The statute is applicable to parties only, McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 560, 626 A.2d 425 (1993); Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J.Super. 399, 404, 782 A.2d 447 (App.Div.2001), certif. denied, 171 N.J. 338, 793 A.2d 716 (2002), *543 while the court rule is addressed to the conduct of attorneys and parties appearing pro se, Ferolito v. Park Hill Ass'n, 408 N.J.Super. 401, 407, 975 A.2d 473 (App. Div.), certif. denied, 200 N.J. 502, 983 A.2d 1110 (2009). A party seeking counsel fees under N.J.S.A. 2A:15-59.1 must, to the extent practicable, comply with the procedural requirements of the court rule. Id. at 408, 975 A.2d 473.
Here, the trial court, in denying plaintiff's motion, observed that the plaintiff had not given any notification to defendant that it intended to seek counsel fees until it filed its post-trial motion. Plaintiff stressed in oral argument to this court that it was not until the trial commenced, and defendant made his opening statement, with its assertion of racial and economic bigotry, that it had a viable ground upon which to give notice that it would seek fees.
We agree with plaintiff that in such a posture, it should not be held to the procedural time frame contained within the court rule. The purpose of that time frame is to provide the offending party with the opportunity to withdraw the material claimed to be frivolous. There was no effective way, however, to undo the claim of bigotry inserted into this trial at its outset. If plaintiff had made such a demand following opening, that might have raised the possibility of a mistrial, a result which, in our view in light of the history of this matter, would have rewarded defendant and punished plaintiff. A blanket rule insisting on the notification procedures of the court rule could, in certain contexts, leave a party without any effective remedy. The matter must be handled on a case-by-case basis.
As deplorable as the assertion was, the trial court's observation that it did not result in this matter in increased costs for this plaintiff was ultimately correct. Plaintiff came to court to seek unpaid rent and to defend against a claim of constructive eviction. The assertions of contamination and greed, while inflammatory and ultimately rejected by the jury, did not cause an additional expenditure of attorney time. If they had, plaintiff may well have been entitled to relief. Additionally, that the defense may have attempted at trial to inflame the jury unfairly with arguments along racial and class lines provided no basis for plaintiff to seek fees for the work performed during the entire tortuous procedural history of the litigation.
The orders under review in both appeals are affirmed.
NOTES
[1] The complaint named two defendants, Irvington Pediatrics, P.A., and its principal, Bernier Lauredan, M.D. For the balance of the opinion, we shall refer either to defendant in the singular or to Lauredan.
[2] The appendix in the companion appeal, A-5265-08, indicates that defendant's current attorney is at least the fourth attorney who represented defendant in this matter.
[3] The record before us does not contain an order denying defendant's second reconsideration motion.
[4] He does not challenge the trial court's ruling that precluded him from commenting in his summation on that failure, and we thus have no occasion to pass upon the correctness of that determination. See Nisivoccia v. Ademhill Assocs., 286 N.J.Super. 419, 429-31, 669 A.2d 822 (App.Div. 1996).