**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3944-17T1

BERNARDO DIAZ and
UNIVERSAL GENERAL
INVESTMENT CORP.,

      Plaintiffs-Appellants,

v.

SIXTO BOBADILLA and
JUAN VARGAS,

      Defendants-Respondents.

_____

          Submitted February 26, 2019 – Decided April 8, 2019

          Before Judges Yannotti and Natali.

          On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3309-12.

          Tomas Espinosa, attorney for appellants.

          Respondents have not filed a brief.

PER CURIAM

Plaintiffs Bernardo Diaz and Universal General Investment Corp. (Universal) appeal from an order entered by the Law Division on February 27, 2018, which denied their motion to vacate the court's earlier dismissal of their complaint and restore the matter to the calendar, and an order dated March 22, 2018, which granted a cross-motion by defendants Sixto Bobadilla and Juan Vargas to dismiss the complaint with prejudice. We reverse.

On August 10, 2012, plaintiffs filed a complaint asserting various causes of action against defendants arising out of a contract to purchase certain real property in Paterson. Diaz is the principal and sole shareholder of Universal. According to the complaint, plaintiffs entered into the contract to purchase the property from defendants, paid a deposit of $50,000, and obtained a loan commitment. Plaintiffs alleged defendants breached the agreement.

Plaintiffs also claimed they had leased space in the property they intended to purchase from defendants. Plaintiffs alleged that after they fell behind in their lease payments, defendants obtained a judgment of possession for the premises. Plaintiffs claimed defendants took possession of their machinery, equipment, inventory, and files, which had been in the leased premises. They estimated the property was worth more than $40,000. Plaintiffs sought specific performance

2

of the real estate contract, compensatory and punitive damages, interest, costs of suit, and attorney's fees.

On September 26, 2012, defendants filed an answer denying liability and asserted various counterclaims. Thereafter, the parties engaged in discovery and related motion practice, and the court scheduled the matter for trial on October 15, 2013. Plaintiffs' counsel submitted a trial brief and proposed jury charges to the court.

On October 15, 2013, the parties participated in a settlement conference with a judge, but were unable to settle the matter. According to plaintiffs, the judge who handled the conference "stated that the case was adjourned and that it was to be placed on call for jury trial within [six] weeks." It appears, however, that the court dismissed the action.

On January 29, 2018, plaintiffs filed a motion to vacate the dismissal and restore the matter to the trial calendar. They asked for oral argument on the motion. In support of the motion, plaintiffs submitted certifications from their attorney, Tomas Espinosa, and from Diaz.

In his certification, Espinosa asserted that on October 14, 2014, he wrote to the court and stated that the parties had appeared for trial in October 2013, but the trial had been adjourned because a judge was not available to try the

case. Espinosa said that in chambers, a judge told the parties they would be informed of the new trial date by mail. According to Espinosa, after "an inordinate amount of time" had passed, he checked the court's docket and discovered that the case had been marked as having been voluntarily dismissed.

Espinosa stated that "[t]his office never filed any request for voluntary dismissal, and never agreed to any such dismissal. This office never executed any stipulation of dismissal." He asked the court to reinstate the case "to the calendar without any need of my client to file a motion." Espinosa asserted that he had no record of any response to his letter by the court, but the court's file includes a note that someone had called him and instructed him to file a motion. Espinosa had no recollection of the call.

Diaz stated in his certification that after the court adjourned the trial, he expected to receive a new trial notice within six weeks but the notice "never came." He said that neither he nor his attorney dismissed the case voluntarily, and he thought the dismissal was either the result of gross negligence, a reckless mistake, or foul play.

Diaz claimed the motion to reinstate the complaint had not been filed earlier because he had to trace certain witnesses. According to Diaz, one of the witnesses had been deported to the Dominican Republic. He said he intended

to retain an attorney to determine if that witness would be permitted to return to the United States to testify at trial. According to Diaz, another witness had disappeared, but he was located "a few weeks ago" in New Jersey.

Defendants opposed the motion to reinstate the action and filed a cross-motion to dismiss the complaint with prejudice. Defendants requested oral argument on the motions. In their supporting brief, defendants noted that plaintiffs had not filed their motion until fifty-one months after the court dismissed the case.

Paul E. Fernandez, counsel for defendants, provided a certification, in which he stated that the trial had been scheduled for October 15, 2013, and the matter assigned to a judge who conferenced the matter "at length." Fernandez said Diaz was not present at the time.

According to Fernandez, the judge encouraged the parties to negotiate, and they were supposed to attend a meeting in the courthouse cafeteria, but Diaz was "nowhere to be found." Fernandez stated that the parties then appeared before another judge, who conferenced the case and marked it ready for trial. Fernandez said Diaz failed to appear, and the court then marked the matter as dismissed.

 A-3944-17T1

Fernandez claimed that plaintiffs' attorney "was aware of the dismissal." He added that the defense witnesses who previously appeared for trial "are no longer available and [reside] outside the United States." He asserted that defendants "strenuously object to any reinstatement of the complaint because it will unduly and severely prejudice" defendants.

On February 27, 2018, the judge entered an order denying plaintiffs' motion to vacate the dismissal and restore the case to the calendar. The judge wrote on the order, "Application denied. This case was neglected for the last 4 1/2 years." It appears the judge did not entertain oral argument on the motion. The judge also provided no oral or written decision.

On March 22, 2018, the judge entered another order, which again denied plaintiffs' motion to vacate the dismissal and reinstate the case, and granted defendants' cross-motion to dismiss the complaint with prejudice. On the order, the judge wrote only that the motion was "opposed by mot[ion] to reinstate." The judge provided no oral or written decision. This appeal followed.

On appeal, plaintiffs argue: (1) the trial court's orders should be reversed because they never voluntarily dismissed their action; (2) the voluntary dismissal should be vacated pursuant to Rule 4:50-3 because the dismissal was the result of a deception perpetrated on the court; (3) the court's orders should

A-3944-17T1

be reversed because after the trial was adjourned, the court never gave the parties a new trial date; (4) the court abused its discretion by denying plaintiffs' motion to vacate the "false" voluntary dismissal; and (5) the court's orders should be reversed because of misconduct by the judge who allegedly dismissed the action.

We note initially that both parties requested oral argument on the motions. The record does not show, however, why the court did not grant the requests for oral argument. Rule 1:6-2(d) provides in pertinent part that the court should grant a request for oral argument in a civil action unless the motion involves pretrial discovery or is "directly addressed to the calendar[.]" Although plaintiffs' motion to vacate the dismissal and reinstate the complaint could be seen as a motion "addressed to the calendar," defendants' cross-motion sought dismissal of the complaint with prejudice. Therefore, the court should have granted the parties' requests for oral argument.

On appeal, plaintiffs argue that the trial court erred by denying their motion to vacate the dismissal and restore the case to the trial calendar. They raise various arguments on this issue. We will not address those arguments, but we will reverse the trial court's orders and remand the matter for further proceedings because the judge failed to provide adequate reasons for his decisions.

A-3944-17T1

Rule 1:7-4(a) states in pertinent part that the court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right[.]" A court's failure to prove adequate findings and conclusions of law "constitutes a disservice to the litigants, the attorneys and the appellate court." Ricci v. Ricci, 448 N.J. Super. 546, 575 (App. Div. 2017) (quoting Kenwood Assocs. v. Bd. of Adjustment Englewood, 141 N.J. Super. 1, 4 (App. Div. 1976)). The cursory remarks written on the orders failed to explain adequately the reasons the judge denied plaintiffs' motion and granted defendants' motion to dismiss the complaint with prejudice.

We note that Rule 4:37-1(a) permits a plaintiff to dismiss a complaint after a defendant files an answer or motion for summary judgment "by filing a stipulation of dismissal specifying the claim or claims being dismissed, signed by all parties who have appeared in the action." Such a dismissal is generally without prejudice. Ibid. A plaintiff may also seek dismissal "by leave of court" where he or she is unable to obtain consent. R. 4:37-1(b). A plaintiff can thereafter seek reinstatement of the complaint for good cause shown. ASHI-GTO Assocs. v. Irvington Pediatrics, P.A., 414 N.J. Super. 351, 359 (App. Div. 2010).

Furthermore, Rule 4:50-1 is applicable to voluntary dismissals under Rule 4:37-1(a), even though the determination was not the result of an order or a final judgment.  Id. at 361; Miller v. Estate of Kahn, 140 N.J. Super. 177, 181 (App. Div. 1976); Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:50-1 (2019) ("The rule applies to voluntary dismissals entered upon stipulation as well as to a dismissal without prejudice entered pursuant to R[ule] 1:13-7."). Rule 4:50-1 provides that:

> [T]he court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

A motion under Rule 4:50-1 must be "made within a reasonable time;" however, motions made under Rule 4:50-1(a), (b), or (c) must be made within one year of the judgment or order.  R. 4:50-2.  When deciding if a motion for

relief under Rule 4:50-1 has been "made within a reasonable time," the court must consider "the surrounding circumstances including the length of time that has passed and a due consideration for competing rights and interests which have come to exist." Friedman v. Monaco & Brown Corp., 258 N.J. Super. 539, 543 (App. Div. 1992) (citing City of Newark v. (497) Block 1854, 244 N.J. Super. 402 (App. Div. 1990)).

Here, plaintiffs apparently sought relief under Rule 4:50-1(f) because their motion to vacate the dismissal and restore the case to the calendar was filed several years after the case was dismissed. However, relief under Rule 4:50-1(f) "is available only when 'truly exceptional circumstances are present.'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)).

In this matter, the motion judge did not identify whether he was applying the good cause standard for reinstatement of a complaint under ASHI-GTO Associates or the standards for relief under Rule 4:50-1(f). The judge noted on the order of February 27, 2018, that plaintiffs had neglected the action for four and one-half years after the dismissal. However, in their certifications, Diaz and Espinosa endeavored to explain the delay. The judge did not comment on the

certifications, and made no finding as to whether plaintiffs had provided credible reasons for the delay.

Moreover, in opposing plaintiffs' motion and in support of their cross-motion to dismiss the complaint with prejudice, defendants asserted that they would be prejudiced if the complaint were reinstated. They claimed certain witnesses were no longer available. The judge made no findings to whether defendants would be prejudiced if the complaint were reinstated, as they claimed.

We therefore reverse the orders of February 27, 2018, and March 22, 2018, and remand the matter to the trial court for further proceedings on the motions. If the parties wish to be heard, the court shall permit them to present oral argument on the motions. Thereafter, the court shall make findings of fact and conclusions of law, as required by Rule 1:7-4.

Reversed and remanded for further proceedings in conformance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3944-17T1