**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4354-17T2

JEANNE RUSSELL,

    Plaintiff-Appellant,

v.

HCL AMERICA, INC.,
COVANCE, INC., JAIDEP
ROY and JOELIEN JOSE,

    Defendants-Respondents.

_____

Submitted January 30, 2019 – Decided  July 5, 2019

Before Judges Ostrer and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4622-15.

Cahn & Parra, LLC, attorneys for appellant (Steven D. Cahn, on the briefs).

Ogletree, Deakins, Nash, Smoak & Stewart, PC, attorneys for respondents (Jennifer Ann Rygiel-Boyd, on the brief).

PER CURIAM

Plaintiff Jeanne Russell appeals from the trial court's April 16, 2018 order denying reinstatement of her Law Against Discrimination (LAD) complaint, alleging various acts of discrimination and harassment by her former employer, HCL America, Inc., and others.  In essence, plaintiff sought vacatur of an arbitration ruling dismissing her complaint as time-barred.  We affirm the trial court's order.

Russell was terminated on April 3, 2015 and filed her complaint on August 4, 2015.  Defendants answered that the claim was improperly brought in Superior Court, because plaintiff's employment agreement said, "all disputes arising under or in connection with this Agreement or concerning in any way employee's employment shall be submitted exclusively to arbitration."  In December 2015, the parties stipulated to the complaint's dismissal without prejudice.  The stipulation stated, "The parties shall proceed to arbitration in accordance with Plaintiff's employment agreement . . . ."

The arbitration was not self-initiating.  Soon after the dismissal without prejudice, defense counsel wrote to plaintiff's counsel, stating, "I assume you will now initiate the arbitration proceeding with AAA."  However, plaintiff's counsel did nothing until May 2, 2017, when he inquired about the status of the matter.  Defense counsel responded that plaintiff was obliged to initiate the

arbitration, but had not. Only thereafter, plaintiff filed a demand for arbitration with AAA on June 8, 2017.

Defendants followed with a motion to dismiss, on the basis that plaintiff filed her demand over two years after her LAD claim arose in April 2015. After briefing, the arbitrator granted the motion. In a thorough written opinion, the arbitrator rejected plaintiff's contention that the limitation period should have been equitably tolled. The arbitrator noted that plaintiff was on notice, based on defense counsel's email and AAA rules, that she had the obligation to initiate the arbitration; and defendants did not act inequitably or were otherwise responsible for plaintiff's unexcused delay.

Plaintiff then returned to Superior Court, seeking reinstatement of her complaint. Judge Gary K. Wolinetz denied the motion in a cogent written opinion.

On appeal, plaintiff renews her arguments that the filing of the lawsuit tolled the statute of limitations; the matter should have been transferred to arbitration rather than await her initiation;[1] and the court should have reinstated the complaint because the arbitrator's decision violated the stipulation. We are

---

[1] Plaintiff relies in part on correspondence from defense counsel, prior to entry of the stipulation, stating that defendant wanted to dismiss the lawsuit and "transfer the matter to arbitration."

unpersuaded and affirm the court's order, substantially for the reasons set forth in Judge Wolinetz's well-reasoned opinion.

We add the following brief comments, directed principally to plaintiff's argument that our decision in ASHI-GTO Associates v. Irvington Pediatrics, P.A., 414 N.J. Super. 351 (App. Div. 2010), affirming a trial court's reinstatement of a complaint, compels reversal here. In ASHI-GTO, a timely-filed complaint was dismissed based on the parties' agreement to arbitrate two landlord-tenant disputes. However, the arbitration was never concluded. Rather, the defendant objected to the arbitrator's race, later walked out of an arbitration session, and disputed whether he agreed to arbitrate one of the disputes. Id. at 356-57. Noting that reinstatement is left to the trial court's sound discretion, we discerned no abuse of discretion in the trial court's decision to permit reinstatement. Id. at 359. The statute of limitations presented no bar, because the case assumed the status it possessed before dismissal. Ibid.

Unlike in ASHI-GTO, this case proceeded to a final decision in arbitration. Exercising her authority under AAA rules, the arbitrator determined the demand was untimely and awarded dismissal. Plaintiff's motion to reinstate her complaint amounts to an effort to vacate the arbitration decision, without satisfying the grounds for vacatur set forth in N.J.S.A. 2A:23B-23.

4

In particular, we reject plaintiff's argument that the arbitrator exceeded her authority by violating the terms of the stipulation. See N.J.S.A. 2A:23B-23 (stating that a court shall vacate an arbitration award if "an arbitrator exceeded the arbitrator's powers"). Nothing in the stipulation relieved plaintiff of initiating a timely demand for arbitration, or precluded the arbitrator from considering a motion to dismiss on statute-of-limitations grounds. Finally, plaintiff's contention that the arbitrator misapplied established law concerning the statute of limitations is not a cognizable basis to set aside the arbitrator's decision, absent an agreement to expand the scope of judicial review. See Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994) (decided under the prior arbitration statute).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4354-17T2