943 A.2d 841

JULIE GREELY, PLAINTIFF–RESPONDENT, v. SEAN GREELY, DEFENDANT–APPELLANT.

Argued March 10, 2008—Decided March 19, 2008.

 

─────────

David H. Pikus argued the cause for appellant (*Bressler, Amery & Ross,* attorneys; *Mr. Pikus* and *Genevieve K. LaRobardier,* on the briefs).

*Paul H. Townsend* argued the cause for respondent (*Cutler, Simeone, Townsend, Tomaio & Newmark,* attorneys).

PER CURIAM.

This appeal presents limited questions concerning the procedures to be followed in seeking a voluntary dismissal of a complaint for divorce or, in the alternative, dismissal by the plaintiff of that complaint under the *forum non conveniens* doctrine. For the reasons that follow, we conclude that voluntary dismissals in the Family Part of the Chancery Division are governed by *Rule* 4:37–1 and that the *Rule* allows only for (1) unilateral dismissals on notice by the plaintiff provided neither an answer nor a summary judgment motion has been filed, (2) dismissals at any time provided they are pursuant to a stipulation signed by all parties, or (3) dismissals by the court on motion. We further conclude that, as provided in the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), *N.J.S.A.* 2A:34–53 to –95, a motion to dismiss a child custody matter on inconvenient forum grounds may be made by any party, by the court on its own motion, or by another state's court.

I.

On May 15, 1989, plaintiff Julie Greely and defendant Sean Greely were married in Omaha, Nebraska. Approximately six years later, plaintiff, defendant and their then-infant daughter relocated to Summit, New Jersey. In July 1997, a son was born to this marriage and, as an intact family, they continued to reside in New Jersey. In 2003, defendant, having lost his job in New

Jersey, secured employment in California that required his presence there at intervals for periods of up to three months. He maintained a small apartment there and commuted between California and New Jersey, spending significant blocks of time in New Jersey as a "stay-at-home dad." Regardless of the cause, the marriage deteriorated and, in May 2006, plaintiff and defendant separated. Plaintiff and the children remained in New Jersey, where the children attended school, maintained their friends and social support structure, and received medical attention. In short, their lives were in New Jersey.

On June 13, 2006, plaintiff filed a verified complaint for divorce in the Chancery Division seeking a judgment (1) dissolving her marriage to defendant; (2) "[a]warding joint legal custody of the unemancipated children of the marriage, with [p]laintiff [as] the parent of primary residence;" (3) awarding defendant "reasonable" parenting time; (4) commanding defendant to pay child support; (5) equitably distributing their marital assets; and (6) granting "such further relief as the Court may deem just and equitable." After receiving plaintiff's consent to an extension of time, on August 30, 2006, defendant filed an answer to the complaint, seeking "judgment dismissing the [c]omplaint and awarding [d]efendant costs, counsel fees and such other and further relief as the Court may deem just and proper." On October 6, 2006, the trial court held a case management conference, during which it ordered that the parties complete discovery by no later than January 8, 2007, and scheduled an early settlement panel conference in the case for January 11, 2007. The parties thereafter engaged in discovery and attended the court-mandated early settlement panel conference. Those settlement efforts were unavailing. As a result, on February 1, 2007, the parties were ordered to mediate their dispute.

In the meantime, plaintiff relocated with her children to Omaha, Nebraska.[1] Confronted with an inability to schedule the court-

---

[1] It is alleged that plaintiff actually relocated to Chicago, Illinois, but placed her children with her parents in Nebraska. Whether plaintiff relocated to either

ordered mediation, on March 14, 2007, defendant moved for an order directing mediation and an evaluation of the children, and for other relief. In response, on March 28, 2007, plaintiff filed a unilateral stipulation of dismissal without prejudice; the very next day, plaintiff filed a complaint for legal separation in the District Court of Douglas County, Nebraska seeking the same relief she sought in New Jersey. Defendant's New Jersey counsel immediately asserted that plaintiff's purported unilateral "stipulated" dismissal of the New Jersey complaint for divorce was a nullity, and requested that plaintiff withdraw that stipulation. Plaintiff refused. On April 26, 2007, defendant moved to reinstate the New Jersey divorce action and to enjoin plaintiff from proceeding with the Nebraska divorce action.

In a thoughtful, unpublished opinion, the trial court found "that the stipulation of dismissal was filed in violation of *R.* 4:37-1(a) and shall be vacated." It also ordered that the "matter shall immediately be restored to the active trial calendar." It explained that "[t]he dismissal of actions is governed by *R.* 4:37," reasoning that

[a]fter the filing of a responsive pleading, or an application with the court, *[s]ee Matter of Estate of Horowitz,* 220 *N.J.Super.* 300, 302 [531 *A.*2d 1364] (Law Div.1987), [an] action may be voluntarily dismissed upon stipulation of dismissal signed by all the parties. *R.* 4:37-1(a); *Molnar v. Hedden,* 260 *N.J.Super.* 133, 140 [615 *A.*2d 647] (App.Div.1992); *Giovine v. Giovine,* 284 *N.J.Super.* 3, 9 [663 *A.*2d 109] (App.Div.1995); *Direct Credit Card Merchants Bank v. Abbondanzo,* 367 *N.J.Super.* 209, 213 [842 *A.*2d 296] (App.Div.2004). Where a defendant opposes dismissal of the complaint, then an action can be dismissed only by leave of court and upon such terms and conditions as the court deems appropriate. *R.* 4:37-1(b).

The trial court concluded that "[g]iven the clear mandate of *R.* 4:37-1(a), it is without question that the instant matter was not properly dismissed in New Jersey and the inquiry need not proceed any further[.]" It also rejected plaintiff's "suggestion" that the New Jersey complaint for divorce be dismissed under the doctrine of *forum non conveniens,* explaining that "plaintiff, hav-

---

Illinois or Nebraska is of no moment; for present purposes, all that is relevant is that neither plaintiff, nor defendant, nor the children still reside in New Jersey.

ing had the opportunity to choose the forum where the original [c]omplaint was to be filed, should be estopped from later arguing that[,] on the grounds of *forum non conveniens,* the matter should not be heard in the court of first instance." By a separate amended order dated May 21, 2007, the trial court therefore (1) granted defendant's motion to vacate plaintiff's stipulation of dismissal dated March 28, 2007; (2) restored the action to the active trial calendar; (3) ordered that plaintiff's counsel remain as counsel of record for plaintiff; (4) restrained and enjoined plaintiff from continuing the Nebraska divorce complaint;[2] (5) restored defendant's pending motion for custody-related relief; (6) ordered mandatory economic mediation for a date certain; and (7) scheduled a case management conference.

Plaintiff sought leave to appeal. The Appellate Division granted that application and summarily reversed the trial court's order. According to the Appellate Division, "New Jersey has no further interest in this litigation since both parties have moved out of State, the children now reside in Nebraska and neither party owns property in this State." The panel provided, however, that the UCCJEA "governs litigation over custody issues" and that "[t]he parties may use discovery and evidence derived from the New Jersey action in another state's action."

We granted defendant's petition for certification, 192 *N.J.* 596, 934 *A.*2d 638 (2007), and, for the reasons that follow, we reverse the judgment of the Appellate Division, reinstate the trial court's May 21, 2007 amended order, and remand the cause to the Chancery Division for further proceedings.

## II.

### A.

We address first plaintiff's attempt to dismiss this case by the filing of an unorthodox, unilateral stipulation of dismissal.

---

[2] After the entry of the trial court's May 21, 2007 amended order, the Nebraska court dismissed plaintiff's Nebraska complaint.

*Rule* 4:37–1, in two subparts, governs the voluntary dismissal of actions.[3] *Rule* 4:37–1(a) permits two—and only two—processes for the voluntary dismissal of cases: unilateral dismissals "by the plaintiff without court order by filing a *notice* of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs;" and consensual dismissals "by filing a *stipulation* of dismissal specifying the claim or claims being dismissed, signed by all parties who have appeared in the action." *R.* 4:37–1(a) (emphasis supplied). Here, defendant had filed an answer to the complaint for divorce seven months before plaintiff sought to voluntarily dismiss her complaint in New Jersey. Thus, the first alternative under *Rule* 4:37–1(a)— a unilateral dismissal by notice—was simply unavailable to plaintiff because her application for dismissal was tardy. Short of filing a motion to dismiss her action pursuant to *Rule* 4:37–1(b)[4]— a motion plaintiff never filed—her sole avenue for relief was to secure a consensual dismissal by "stipulation ... signed by all parties who have appeared in the action." That, too, plaintiff failed to do.

Plaintiff cannot claim compliance with either the clear provisions of *Rule* 4:37–1(a) or with the motion practice specifically required by *Rule* 4:37–1(b). Thus, her purported unilateral stipulation of dismissal was and remains a legal nullity. Further, that act was

---

[3] This complaint for divorce was filed in the Family Part of the Chancery Division. The rules governing the practice there specifically provide that "[c]ivil family actions shall also be governed by the rules in Part IV insofar as applicable and except as otherwise provided by the rules in Part V." *R.* 5:1–1. The Family Part "is a fully integrated component of the Superior Court to which the rules governing civil and criminal proceedings in the trial courts are applicable." Pressler, *Current N.J. Court Rules*, comment 1 on *R.* 5:1–1 (2008). Nothing in the Part V rules addresses the voluntary dismissal of divorce actions. Therefore, *Rule* 4:37–1 clearly applies to proceedings in the Family Part of the Chancery Division.

[4] *Rule* 4:37–1(b) provides that, "[e]xcept as provided by [*R.* 4:37–1(a) ], an action shall be dismissed at the plaintiff's instance *only* by leave of court and upon such terms and conditions as the court deems appropriate." (Emphasis supplied.)

not without consequences: in bypassing the procedural protections afforded by the *Rules,* plaintiff unfairly deprived defendant the opportunity to object to the dismissal, particularly after the parties had invested substantial time and efforts in this litigation. In this context, we again remind litigants and counsel that

> [l]awyers' disregard of basic rules of drafting simple documents that are filed routinely in our courts every day—orders of consolidation, stipulations of dismissal—or, worse, their ignorance of those rules, ... would, were it to become widespread, create havoc with our courts[.] Inattention to such rudimentary requirements can make tracking cases next to impossible and can, as here, cause needless confusion to, and unnecessary expenditure of time by, those ... who are charged with following the status of civil cases.
>
> [*Molnar v. Hedden,* 138 *N.J.* 96, 103–04, 649 *A.2d* 71 (1994).]

### B.

██ The trial court also rejected plaintiff's application to dismiss the divorce complaint on *forum non conveniens* grounds because, as a matter of equity, "plaintiff, having had the opportunity to choose the forum where the original [c]omplaint was to be filed, should be estopped from later arguing that[,] on the grounds of *forum non conveniens,* the matter should not be heard in the court of first instance." Although that conclusion in respect of plaintiff's complaint for divorce appears at first blush unassailable, different considerations inform the determination of whether an action concerning child custody is subject to dismissal under the doctrine of *forum non conveniens* regardless of who makes that application.

██ We have explained that "[t]he doctrine of *forum non conveniens* 'is firmly embedded in the common law of this State.'" *Kurzke v. Nissan Motor Corp.,* 164 *N.J.* 159, 164, 752 *A.2d* 708 (2000) (quoting *Civic S. Factors Corp. v. Bonat,* 65 *N.J.* 329, 332, 322 *A.2d* 436 (1974)). "'[T]he essence of the doctrine is that a court may decline jurisdiction whenever the ends of justice indicate a trial in the forum selected by the plaintiff would be inappropriate.'" *Ibid.* (quoting *D'Agostino v. Johnson & Johnson, Inc.,* 225 *N.J.Super.* 250, 259, 542 *A.2d* 44 (App.Div.1988), *aff'd,* 115 *N.J.* 491, 559 *A.2d* 420 (1989)). We have emphasized

that "[t]he doctrine is equitable in nature and, therefore, decisions concerning its application ordinarily are left to the sound discretion of the trial court." *Id.* at 165, 752 *A*.2d 708 (citing *Civic S. Factors Corp., supra,* 65 *N.J.* at 333, 322 *A*.2d 436). Because application of the *forum non conveniens* doctrine is entrusted to the trial court's sound discretion, " '[a]n appellate court should not substitute its judgment for that of the trial judge unless there is a showing of clear abuse of that discretion.' " *Ibid.* (quoting *Civic S. Factors Corp., supra,* 65 *N.J.* at 333, 322 *A*.2d 436). Notwithstanding that deference, "[a]lthough subject to the court's discretion, no court is compelled constitutionally or otherwise to grant a motion for dismissal based on *forum non conveniens.*" *Ibid.* (citation omitted). That said, "a dismissal pursuant to the doctrine of *forum non conveniens* cannot occur if the transfer will result in significant hardship to the plaintiffs." *Gantes v. Kason Corp.,* 145 *N.J.* 478, 499, 679 *A*.2d 106 (1996) (citing *Wangler v. Harvey,* 41 *N.J.* 277, 286, 196 *A*.2d 513 (1963)).

We are confronted with an anomalous circumstance: plaintiff, who originally filed her divorce complaint in what was then a convenient forum (New Jersey) but who has since relocated elsewhere (Nebraska), asserts that it is now inconvenient for her to prosecute her claim here and, hence, it should be dismissed so as to allow her to proceed in her new forum state. We cannot accept the notion that the doctrine of *forum non conveniens* can be triggered solely by a plaintiff's after-the-fact choices. As a practical matter, acceptance of plaintiff's assertions that her original forum choice is now inconvenient simply because she has elected to relocate elsewhere could open the door to crass forum shopping. *Glukowsky v. Equity One, Inc.,* 180 *N.J.* 49, 848 *A*.2d 747 (2004) (explaining that discouraging forum shopping is proper judicial goal and citing *Dewey v. R.J. Reynolds Tobacco Co.,* 121 *N.J.* 69, 80, 577 *A*.2d 1239 (1990)), *cert. denied,* 543 *U.S.* 1049, 125 *S.Ct.* 864, 160 *L.Ed.*2d 770 (2005); *Gantes, supra,* 145 *N.J.* at 492, 679 *A*.2d 106 ("In essence, the policy against forum shopping is

intended to ensure that New Jersey courts are not burdened with cases that have only 'slender ties' to New Jersey").

Plaintiff, while a New Jersey resident, sought refuge in its courts. At some later point, plaintiff elected to relocate. That personal election, standing alone, cannot drive the machinery of the judiciary. Therefore, to the extent plaintiff's application addresses the non-custody allegations of her complaint, we find no abuse of discretion in the trial court's rejection of plaintiff's *forum non conveniens* claim.

Plaintiff's application for dismissal based on a claim of inconvenient forum included her request for the dismissal of the parties' child custody claims. Child custody disputes in New Jersey are governed by the UCCJEA, which provides that a "court of this State that has jurisdiction under this act to make a child custody determination [5] may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." *N.J.S.A.* 2A:34–71(a). It also clearly provides that "[t]he issue of inconvenient forum may be raised upon the court's own motion, request of another court or motion of a party." *Ibid.* Thus, the provisions of the UCCJEA make clear that the custody determinations sought in plaintiff's complaint are subject to inconvenient forum challenges under *N.J.S.A.* 2A:34–71 regardless of the identity of the movant.[6] Such challenges never-

---

[5] Section 13(b) of the UCCJEA, *N.J.S.A.* 2A:34–65(b), states that Section 13(a) "is the exclusive jurisdictional basis for making a child custody determination by a court of this State." Section 13(a) of the UCCJEA, *N.J.S.A.* 2A:34–65(a), lists several bases for the exercise of jurisdiction "to make an initial child custody determination[.]" Among them is whether New Jersey was the children's home state on the date of commencement of the custody proceeding. *N.J.S.A.* 2A:34–65(a)(1). It is undisputed that, on the date plaintiff filed her complaint for divorce, in which she sought a custody determination of her two children, plaintiff and her children were New Jersey residents. Thus, New Jersey courts have jurisdiction over this child custody dispute.

[6] Effective January 1, 2004, Nebraska too has adopted the Uniform Child Custody Jurisdiction and Enforcement Act, *see Neb.Rev.Stat.* §§ 43–1226 to –

theless must adhere to the statutory standards of *N.J.S.A.* 2A:34–71 and must fulfill the overarching purposes of the UCCJEA to provide for cooperative and seamless juridical supervision of child custody controversies.[7]

### III.

The judgment of the Appellate Division is reversed, the trial court's May 21, 2007 amended order is reinstated, and the cause is remanded to the Family Part of the Chancery Division for further proceedings.

*For Reversal/Reinstatement/Remandment*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.

---

1266 (2003), including the provisions allowing *forum non conveniens* applications to be made without limitation as to its proponent. *Neb.Rev.Stat.* § 43–1244 ("The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or the request of another court.").

[7] Because plaintiff did not file an application for dismissal pursuant to *N.J.S.A.* 2A:34–71, we do not address whether this matter satisfies the standards set forth in that statutory provision.