**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1951-16T1

FRANCES RICHBURG (deceased),

    Plaintiff-Appellant,

v.

ESTATE OF ROY RICHBURG,

    Defendant-Respondent.

_____

Argued October 11, 2018 – Decided November 2, 2018

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000074-15.

Brian T. Flanagan argued the cause for appellant (Vyzas & Associates, PC, attorneys; Vincas M. Vyzas, of counsel; Brian T. Flanagan, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this action to quiet title, plaintiff Frances Richburg sought to set aside the deeds transferring title to Frances's son,[1] defendant, Estate of Roy Richburg,[2] for a property located in Jersey City (property). Frances alleged that prior to Roy's death, he obtained the property through "forgery, fraud, undue influence" and inadequate consideration. Following Frances's death, her daughter, Martha Richburg Bolding, on leave granted by the trial court, filed an amended complaint in her capacity as the individual plaintiff and the co-executor of her mother's estate.

After learning there was a newly filed probate action in Kings County, New York regarding Frances's will, the Chancery court dismissed this action on forum non conveniens grounds. A review of the record and applicable principles of law constrain us to reverse the court's order as there is no other viable alternative forum in which plaintiff may seek recovery.

Frances's husband, Allan, died intestate in 1992, and was survived by Frances and their six children. At the time of his death, Allan held title to the property. Frances was the administrator of Allan's estate but it was not settled

---

[1] We use the parties' first names for the ease of the reader as they all share a common last name.

[2] Roy passed away prior to the institution of Frances's suit.

A-1951-16T1

prior to her death in 2015. Both Frances and Allan were New York residents at the time of their deaths. In April 2016, an action was filed in Kings County to appoint a new administrator for Allan's estate.

Although several case management orders were executed in this action, no discovery had taken place following Frances's death, because no one had authorization to approve or respond to discovery demands. Upon Martha's substitution as plaintiff, her counsel determined that Allan may have owned the property exclusively and not in common or by the entirety with Frances, as was previously thought. As a result, Martha presented orders to show cause for her appointment as temporary administrator ad litem for both of her parents' estates in this action.

On the order to show cause return date, the Chancery judge referred to a letter sent to him from defendant's counsel, not in opposition to plaintiff's application, but instead providing information about the probate of Frances's will in Kings County, New York.[3] Counsel also attached Frances's will. During

---

[3] Defendant advised a petition to probate Frances's will had been accepted and docketed but no further action had occurred.

A-1951-16T1

the hearing, defendant's counsel referred to the "telephone conversation" he had with the judge, who told him to bring certain papers to the hearing.[4]

The judge acknowledged the only application before him was Martha's appointment as a limited administrator to prosecute the quiet title action on behalf of her parents' estates, and that it was unknown if Frances's will would be contested in New York. Nevertheless, the judge declared Frances's county of residence was "the convenient forum for a resolution of the allegations that are raised in this docket number." The judge also told plaintiff she had "significant issues of proof" to overcome on this issue.

Plaintiff reminded the court there were two applications before it; Martha also sought the temporary administration of Allan's estate, which was not affected by any potential probate action concerning Frances's will in New York. Furthermore, the Chancery action involved inter vivos transfers pertaining to the property located in New Jersey. Notwithstanding, the judge gave counsel two weeks[5] to brief the issue of forum non conveniens, stating: "Unless you convince me otherwise, this case will be dismissed without prejudice to the heirs of

---

[4] These papers were not previously submitted to the court.

[5] The order gave plaintiff one week to file her papers.

4

Frances Richburg pursuing whatever claims they may have in the forum of Kings County, whether it's a Surrogate court or some other court."

Prior to the next hearing, the judge's law clerk emailed counsel requesting defendant obtain a certification from the attorney handling the probate matter in Kings County advising of that action's status. No certification was ever provided.

During oral argument in November 2016, plaintiff asserted the Chancery matter involved a dispute about a deed to a New Jersey property, distinct from any dispute that might occur regarding Frances's will in New York. In addition, counsel advised the statute of limitations in New York governing a quiet title action was ten years. Therefore, plaintiff's action was barred in New York as the claims pertained to deeds executed in 1997 and 2004. New Jersey's applicable statute of limitations was twenty years and plaintiff had filed her action well within that timeframe. Plaintiff cited to Gantes v. Kason Corporation, 145 N.J. 478, 499 (1996), and argued, under its holding, that a court should not dismiss a case on forum non conveniens grounds if a plaintiff will be left without a forum to seek recovery.

In a November 30, 2016 written statement of reasons, the Chancery judge conducted a forum non conveniens analysis, weighing the public and private

factors under <u>D'Agostino v. Johnson & Johnson, Inc.</u>, 225 N.J. Super. 250, 263 (App. Div. 1988), and determined New York was the proper venue for this action. The judge explained that "this case is intrinsically intertwined with the actions pending in Kings County Surrogate's Court [because] . . . [t]here would be identical issues, albeit over different timeframes[,] of [ ] undue influence and fraud." In addressing Martha's argument that New York's statute of limitations would bar her from recovery, the judge posited that "equitable principles may apply" to permit plaintiff to bring her action in New York. The complaint was dismissed without prejudice.

Plaintiff argues on appeal that the Chancery court erred in dismissing the action on forum non conveniens grounds as defendant did not meet its burden to justify a dismissal and the court's order divests plaintiff of any viable forum in which to pursue her action. Because of the substantial likelihood there is no other forum in which Martha may seek recovery, we reverse.

The doctrine of forum non conveniens "is equitable in nature and, therefore, decisions concerning its application ordinarily are left to the sound discretion of the trial court." <u>Kurzke v. Nissan Motor Corp. in U.S.A.</u>, 164 N.J. 159, 165 (2000) (citations omitted). When a court granting a forum non conveniens dismissal "misconceives the applicable law . . . de novo review is

required because the [trial court's] exercise of the legal discretion lacks a foundation and becomes an arbitrary act[.]" Paradise Enter.'s Ltd. v. Sapir, 356 N.J. Super. 96, 102 (App. Div. 2002) (alteration in original) (citations and internal quotation marks omitted). "When this occurs it is the duty of the reviewing court to adjudicate the controversy in the light of the applicable law in order that a manifest denial of justice be avoided." Ibid.

Under New Jersey law, "[t]he general rule in a forum non conveniens analysis favors retention of jurisdiction, unless the forum is manifestly inappropriate." Amn. Home Prods. Corp. v. Adriatic Ins. Co., 286 N.J. Super. 24, 35 (App. Div. 1995). Furthermore, our Supreme Court has cautioned "if the transfer will result in significant hardship to the plaintiffs" a court "may not dismiss the action under the doctrine of forum non conveniens." Gantes, 145 N.J. at 499.

In Gantes, the Court found the plaintiff had demonstrated a significant hardship sufficient to avert the dismissal of the New Jersey suit where the claims were time barred under the alternative state's statute of repose. Ibid. "[W]here the plaintiff will be so adversely affected by the transfer of jurisdiction, the court may not dismiss the action under the doctrine of forum non conveniens." Ibid. See Yousef v. Gen. Dynamics Corp., 205 N.J. 543, 559 (2011) (adopting

<u>Gantes</u>'s significant hardship rule and denying the forum non conveniens dismissal motion in a personal injury case where the accident occurred in South Africa but the plaintiffs resided and worked in New Jersey); <u>see also</u> <u>Greely v. Greely</u>, 194 N.J. 168, 177 (2008) (acknowledging <u>Gantes</u>'s significant hardship rule in rejecting the plaintiff's forum non conveniens claim in a child custody case).

New Jersey has a twenty-year statute of limitations to recover title to real estate. <u>See</u> N.J.S.A. 2A:14-6 to -7. In New York, a ten-year statute of limitations governs actions to "quiet title" to real property. <u>See</u> N.Y. C.P.L.R. § 212(a). Here, the deeds Martha seeks to set aside are dated 1997 and 2004. This action was filed in New Jersey in 2015, within the twenty-year statute of limitations. However, the action would be untimely if filed in New York and Martha, therefore, would be denied recovery. As a result, the trial court erred in dismissing the suit on forum non conveniens grounds.

We briefly address the issue of burden of proof. We have stated that the doctrine of forum non conveniens is premised on the principle "that a court may dismiss a case when the forum selected by a plaintiff — despite the existence of jurisdiction and venue — is so inconvenient that it would be unfair to the defendant to conduct its defense of the claim in that location." <u>Varo v. Owens-</u>

Illinois Inc., 400 N.J. Super. 508, 518 (App. Div. 2008). "[T]he entity invoking the doctrine . . . bears the burden of establishing that New Jersey is not a convenient forum for this litigation." In re Vioxx Litig., 395 N.J. Super. 358, 364 (2007) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). "Once a court of competent jurisdiction entertains the action, only a strong showing of very great hardship upon defendant will defeat further proceedings in the forum." Amercoat Corp. v. Reagent Chem. & Research, Inc., 108 N.J. Super. 331, 346 (App. Div. 1970).

Here, defendant did not file a motion to dismiss the New Jersey action on forum non conveniens grounds. Instead, after a letter and telephone call with defendant's counsel, the court raised the issue sua sponte and improperly placed the burden on Martha to retain jurisdiction in New Jersey. As a result, defendant has not shown "a very great hardship" requiring a dismissal of the action.

Although the Chancery court found the probate and title actions were "intertwined," requiring prosecution of the action in New York, New Jersey is the only state that can adjudicate title to the property. Higginbotham v. Higginbotham, 92 N.J. Super. 18, 33 (App. Div. 1966) ("[I]t is universally held that a court of one state cannot directly affect or determine the title to land in another state.") (citations omitted). Furthermore, the fact that witnesses reside

9

in Brooklyn and other parts of New York does not establish that Frances's choice of forum was "demonstrably inappropriate." See Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 394 N.J. Super. 71, 81-82 (App. Div. 2007) (reversing trial court's forum non conveniens dismissal as abuse of discretion because the balance of factors did not favor defendant, and plaintiff was entitled to deference in choice of forum).

At the time of the Chancery court's order, defendant had only presented information that Frances's will had been submitted to probate in Kings County. There was no evidence the will would be contested. Although the judge requested defendant provide a certification from New York probate counsel, it was never supplied. Furthermore, the issues in the Chancery action were distinct from any that might be presented in a will contest. Here, plaintiff sought a determination as to who rightly held title to the property before Frances died, not a decision as to who inherited the property after Frances's death. Without any other available forum to make the property title determination, and no demonstrable "very great hardship" to defendant, the action was properly venued in New Jersey.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1951-16T1