**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5445-15T1

BALAKRISHNA S. KESAVAN,

    Plaintiff-Respondent,

v.

LAKSHMI L. BALAKRISHNA
SARAVANAN,

    Defendant-Appellant.

_____

           Submitted March 25, 2019 – Decided May 13, 2019

           Before Judges Messano and Gooden Brown.

           On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0142-12.

           Law Offices of Susheela Verma, attorneys for appellant (Susheela V. Verma, of counsel and on the brief; Susan M. Markenstein and Mildred V. Spiller, on the brief).

           Respondent has not filed a brief.

PER CURIAM

In this appeal from a final judgment of divorce (JOD), defendant, Lakshmi Lekha Balakrishna Saravanan, challenges the Family Part's interlocutory orders striking her answer and counterclaim and proceeding to a default hearing, at which plaintiff, Balakrishna Saravanan Kesavan, was the sole witness. When plaintiff filed the divorce complaint in 2011, defendant no longer lived in New Jersey, having returned to her native country, India, with the parties' only child, who was thirteen years old at the time. By the time of the default hearing in 2015, plaintiff had also left New Jersey and lived primarily in India, periodically travelling to the United States as required for his employment.

Defendant challenges only those portions of the JOD regarding equitable distribution, alimony, child support and the award of counsel fees.[1] For reasons explained below, we conclude the judge erred by striking defendant's pleading and proceeding by default. We therefore vacate the JOD to the extent it incorporates the judge's written decision regarding equitable distribution, alimony, child support, and counsel fees. We remand the matter to the Family Part for further proceedings, including resolution of whether the court continues to have jurisdiction over the parties and those issues.

---

[1] A comprehensive written statement of reasons accompanied the JOD, which, by its terms only dissolved the marriage and did not address the other issues.

A-5445-15T1

# I.

Plaintiff filed his initial divorce complaint in August 2011 and, after some fits and starts, the parties and issues were joined in March 2013 when defendant filed her answer and counterclaim. Motion practice ensued virtually unabated, resulting in, among other things, a $2500 per month pendente lite unallocated spousal and child support order in favor of defendant. The judge then assigned to the case denied without prejudice defendant's motion asserting that New Jersey lacked jurisdiction to decide custody of the parties' child.

The court appointed a retired judge as discovery master/mediator. In one of his several directives, he recommended that the court treat plaintiff's objections to defendant's discovery delinquencies as a motion to dismiss defendant's pleading, subject to reinstatement if defendant complied and supplied the requested information. In January 2014, a second judge ordered defendant to provide certain information within ten days, including a copy of her mother's will and other documents related to any inheritance, documents confirming a sale or buyout of defendant's interests in any businesses in India,

A-5445-15T1

and documents confirming her continued interest in any business in India. The judge ordered the parties to attend a mandatory settlement conference in April.[2]

In the interim, the court entered additional orders designed to enforce the discovery master's recommendations, which revealed both parties remained deficient in discovery obligations, although defendant's "deficiencies [were] more serious." The efforts, however, demonstrate the difficulty the court had with conducting the litigation, given defendant's absence from New Jersey and the significant time plaintiff spent in India. We note, as an example, the April 14, 2014 amended order, requiring plaintiff to execute consents so defendant could obtain information regarding assets plaintiff may have had in Indian banks.

The discovery master concluded the parties were both in substantial compliance with discovery obligations by June 2014, but, nevertheless, motion practice continued. The court ordered both parties to attend another settlement conference on January 27, 2015. Defendant did not appear, but her attorney was

_____

[2] It is unclear from the record whether this conference actually took place.

A-5445-15T1

present.[3]  Counsel explained that defendant was unable to secure a visa to travel to the United States.

Plaintiff subsequently moved to strike defendant's pleadings for failure to appear.  A third judge, who had taken over management of the litigation, denied the motion.  In a written statement of reasons supporting the April 10, 2015 order, the judge noted both parties had "caused delay in the case," and "it would be inequitable to dismiss . . . [d]efendant's pleadings" because of her nonappearance, since plaintiff had failed "to pay $31,250[] in [p]endente [l]ite support . . . ."  Nonetheless, the judge imposed sanctions for defendant's nonappearance, awarding plaintiff a $4000 credit against child support arrears for his counsel fees and travel expenses from India.  The judge ordered defendant to obtain a visa within thirty days.

The judge also ordered another mandatory settlement conference for April 29, 2015, with defendant's deposition to follow immediately thereafter if the case did not settle.  Trial dates were set for June. Defendant's request to appear by teleconference or videoconference was denied by the judge, who reasoned

---

[3]  Because inclement weather forced court closings, the conference occurred on January 28, 2015.  Plaintiff's certification in support of a subsequent motion referenced the unsuccessful settlement conference that took place on that date.

A-5445-15T1

credibility was at issue and he would be unable to assess that adequately, and plaintiff's counsel would be unable to effectively cross-examine defendant under those circumstances. The judge granted defendant's cross-motion for New Jersey to retain jurisdiction.

Another settlement and case management conference took place on April 29.[4] We gather from the case management order the judge entered that day, defendant failed to appear, although defense counsel was present. The court found defendant in violation of its earlier April 10 order, which required her to "secure and provide proof of a valid visa." The judge again denied without prejudice plaintiff's request to strike defendant's pleadings and proceed to a default hearing. He also ordered plaintiff to provide "documentary proofs" of his "alleged residence in . . . New Jersey from the date of [the] filing of the [c]omplaint . . . through the present . . . ." The order listed nine specific types of documents, and "[a]ny other documents proving indicia of New Jersey residence."

At a pre-trial conference on May 18, the judge noted defendant's absence, her earlier absence at the April settlement conference and her failure to appear

---

[4] We were not provided with the transcript of court proceedings that evidently took place on that date.

A-5445-15T1

for deposition. Defense counsel advised the judge that defendant was unable to secure a visa, but the judge found the contention "unpersuasive." He noted that plaintiff had paid $5000 of the arrearages, so defendant had the financial ability to travel, and defendant should have been attempting to obtain a visa since the court first ordered her to appear for a settlement conference. The judge struck defendant's pleadings without prejudice and scheduled a default hearing. He filed two orders. One cited Rule 4:23-5(a)(1) as a basis for the dismissal without prejudice. The second "amended" order cited Rule 1:2-4 as the basis.

Plaintiff filed a "Notice of Proposed Final Judgment," Rule 5:5-10, in advance of the default hearing, which commenced on June 29, 2015, and continued for four mostly consecutive days thereafter. Citing Clementi v. Clementi, 434 N.J. Super. 529 (Ch. Div. 2013), the judge said defense counsel would be permitted to "participate on a limited basis on behalf of her client . . . ." He granted plaintiff a divorce at the outset on the grounds of desertion and irreconcilable differences.

Plaintiff was the sole witness, and defense counsel was permitted to cross-examine. Toward the end of the testimony, on September 23, 2015, the judge expressed concern about deciding issues regarding assets in India and said he was "disinclined to adjudicate anything with regard to alimony" or child support

for lack of jurisdiction over the child. Defense counsel asked, "[W]hy are we going through this exercise . . . ?" To which the judge answered, "because both . . . attorneys have insisted from the beginning that they want this [c]ourt to hear this case, and to maintain jurisdiction, and grant a divorce." Although at one point acknowledging "[t]here [are] no contacts with the State of New Jersey, no nexus whatsoever[,]" the judge accepted plaintiff's documentation demonstrating "sufficient minimum contacts with the [s]tate" and "other indicia" of residency. Despite the complaint being "within a whisper of being dismissed for lack of jurisdiction[,]" the judge observed "the lawyers insisted on how important it was to their respective clients [that] they get divorced here, because if it had to go to India, . . . it was going to take forever and there were other social implications . . . ." As a result, the court "reluctantly and hesitantly maintained jurisdiction by a thread."

The judge entered the JOD on June 28, 2016, approximately nine months after completion of the testimony, along with a uniform support order vacating all child support arrears and directing probation to close the account.[5] An extensive written statement of reasons supporting the judge's decision regarding equitable distribution of assets in the United States and India, denying defendant

---

[5] The parties' child was already eighteen years of age by this time.

any alimony, and awarding plaintiff $91,933 in counsel fees as an offset to defendant's share of equitable distribution, accompanied the judgment.

The judge found plaintiff to be a credible witness, and, apparently accepted his assertion that financial documents submitted by defendant regarding accounts in India were "doctored." The judge found "the veracity of defendant's assertions in all pleadings . . . seriously and substantially impaired." He based that finding on "plaintiff's credible proofs concerning defendant's lifestyle in India, in combination with false, forged and fraudulent receipts submitted by defendant in discovery and during mediation . . . ."

The judge noted that plaintiff had "fully complied" with the discovery master's requirement to submit a "CIS with extensive financial information, including the value of each asset on the date of the filing of divorce complaint and current values."[6] The written decision failed to address earlier findings that both parties had contributed to delays in the case, as well as plaintiff's repeated failures to pay pendente lite support, while at the same time seeking sanctions against defendant for alleged discovery misconduct. It suffices to say that the

---

[6] This is not entirely accurate. The discovery master noted that plaintiff had "substantially (but not fully) complied" with document requests. At the close of discovery, the discovery master found that defendant had substantially complied with discovery, and he specifically made no findings as to the allegation that some documents provided were forged or fraudulent.

court's decision regarding alimony, equitable distribution and counsel fees attached significant weight to, what the judge described, as defendant's "dilatory, deceptive, bad faith litigation of this case . . . ."

## II.

Defendant first argues the court mistakenly exercised its discretion by striking her answer and counterclaim and proceeding to a default hearing as a sanction for her nonappearance at the settlement conferences. To the extent the judge premised his decision upon defendant's failure to appear for depositions, she argues that the court's refusal to consider alternate means, such as videoconferencing, to permit discovery to proceed was a mistaken exercise of discretion. While we appreciate the judge's frustration with litigation that had been pending for four years at that point, we agree with defendant.

"The rules governing the practice [in the Family Part of the Chancery Division] specifically provide that '[c]ivil family actions shall also be governed by the rules in Part IV insofar as applicable and except as otherwise provided by the rules in Part V.'" Greely v. Greely, 194 N.J. 168, 175 n.3 (2008) (quoting R. 5:1-1) (second alteration in original). Rule 5:5-1 governs discovery in non-summary "civil family actions," and permits depositions of parties in accordance with the Part IV rules.

The original order striking defendant's pleading without prejudice cited Rule 4:23-5(a)(1) as authority. See Clark v. Pomponio, 397 N.J. Super. 630, 634, 636 (App. Div. 2008) (discussing Rule 4:23-5(a)(1) in the context of matrimonial discovery). Our review of a trial court's discovery order is limited, and we will defer to the judge's rulings "absent an abuse of discretion or a . . . misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).

However, Rule 4:23-5 provides sanctions for a party's failure to make certain types of discovery, but not depositions. Moreover, plaintiff's motion filed in March 2015, after defendant failed to appear at the January 28 settlement conference, never asserted defendant was delinquent in discovery, much less that she failed to sit for a properly noticed deposition. In addition, the discovery master's last report indicated defendant was in substantial compliance with other discovery.

Of course, the judge's April 2015 order required defendant to submit to depositions if the case did not settle. Rule 4:12-3 specifically permits depositions to be taken in a foreign country, but the record fails to reveal any consideration of that procedure being utilized in this case. In any event, Rule

4:23-4 provides sanctions for a party's failure to be deposed, and permits a court, pursuant to <u>Rule</u> 4:23-2(b)(3), to strike pleadings or "render[] a judgment by default . . . ."  "The standard of review of a trial court's exercise of discretion pursuant to <u>Rule</u> 4:23-2(b) is 'whether the court abused its discretion, a standard that cautions appellate courts not to interfere unless it appears that an injustice has been done.'"  <u>Kolczycki v. City of E. Orange</u>, 317 N.J. Super. 505, 512 (App. Div. 1999) (citing <u>Abtrax Pharm., Inc. v. Elkins-Sinn, Inc.</u>, 139 N.J. 499, 517 (1995)).  Assuming the earlier case management order compelled defendant to submit to depositions, we cannot say the entry of an order striking her pleadings was a mistaken exercise of discretion.  However, the record is less than clear, particularly since alternatives, other than defendant's personal appearance in America, were not explored.

Critically, pursuant to <u>Rule</u> 5:5-10, in matrimonial litigation involving issues of equitable distribution, alimony and child support, "[d]efaults shall be entered in accordance with <u>Rule</u> 4:43-1, except that a default judgment . . . may be entered without separate notice of motion as set forth in <u>Rule</u> 4:43-2."  <u>Rule</u> 4:43-1, in turn, requires that the entry of default be predicated on a party's "fail[ure] to plead or otherwise defend . . . or if the answer has been stricken <u>with prejudice</u> . . . ."  (Emphasis added).

As already noted, defendant's pleading was never dismissed with prejudice prior to the default hearing. In Kolczycki, despite agreeing that the judge did not abuse his discretion in suppressing defenses, we reversed a default judgment because the orders were "without prejudice." 317 N.J. Super. at 516. We held, "actions as profound in their effect as a suppression of defenses cannot be informally ordered or informally enforced. Giving literal effect to the order, defendants should not have been barred from any defenses, . . . until and unless a 'with prejudice' order was entered." Ibid. Here, it was a mistaken exercise of discretion for the judge to proceed to a default hearing based on alleged discovery misconduct when defendant's pleading was dismissed without prejudice.

The judge's amended May 18, 2015 order cited Rule 1:2-4 as a basis to suppress defendant's pleading without prejudice. While the above analysis applies equally to this order, Rule 1:2-4 is not relevant to the circumstances of this case.

The rule provides:

> If without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party . . . at a pretrial conference, settlement conference, or any other proceeding scheduled by the court, . . . the court may order any one or more of the following: . . . (c) the dismissal of the

A-5445-15T1

> complaint, cross-claim, counterclaim or motion, or the striking of the answer and the entry of judgment by default, . . . ; or (d) such other action as it deems appropriate.
>
> [R. 1:2-4(a).]

Here, the court ordered defendant to appear at three settlement panels and she failed to appear. However, defense counsel did appear, and she made clear that she had authority to settle the litigation. See N.J. Div. of Youth & Family Servs. v. P.W.R., 410 N.J. Super. 501, 506 (App. Div. 2009) (holding that default was improper "[b]ecause a party represented by counsel may defend at trial without being physically present"), rev'd on other grounds, 205 N.J. 17 (2011).

The failure to comply with a court order must be "rooted in a 'failure to defend'" in order to support the entry of default. N.J. Div. of Youth & Family Servs. v. M.G., 427 N.J. Super. 154, 169 (App. Div. 2012). Moreover, "trial courts have the means available under other rules to respond to a litigant's willfully contumacious failure to comply with an order . . . ." Id. at 170 (citing R. 1:1.1 and -2). "The Supreme Court has instructed that the assessment of the appropriate sanction for the violation of an order requires consideration of 'a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree.'" Id. at 171 (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005)). "The

'overriding objective' remains to allow 'the defaulting party his day in court.'" Ibid. (quoting Il Grande v. DiBenedetto, 366 N.J. Super. 597, 622 (App. Div. 2004)). We conclude, therefore, that it was a mistaken exercise of the court's discretion to enter default against defendant.

As noted, the judge permitted defense counsel to cross-examine plaintiff, although plaintiff's counsel repeatedly interrupted with objections, which the judge frequently overruled. Because the court struck her pleadings, defendant was unable to adduce affirmative proofs. While the judge evidenced a bona fide attempt to provide defendant with fair opportunity to impeach plaintiff's assertions regarding defendant's lifestyle in India, the cost of living in that country, and her alleged pre-trial misconduct, we conclude the error in striking defendant's pleadings and thereby limiting her participation was "clearly capable of producing an unjust result . . . ." R. 2:10-2.

We are therefore compelled to reverse those provisions of the JOD regarding equitable distribution, alimony, child support and the award of counsel fees contained in the incorporated written statement of reasons that accompanied the judgment.[7] We remand the matter to the Family Part for further

---

[7] Although the parties' daughter has reached majority, there were substantial arrearages in child support due from plaintiff when the litigation ended.

A-5445-15T1

proceedings consistent with this opinion. Because the judge made credibility determinations, we order the remand to take place before a different judge. See J.L. v. J.F., 317 N.J. Super. 418, 438 (App. Div. 1999) (remanding to different judge because original judge had found a party's position not credible). As a result, we need not consider defendant's arguments on the merits regarding these provisions of the JOD.

We also direct that the judge consider on remand whether the court should exercise continuing jurisdiction over these issues. We reach no determination ourselves, noting only that both parties took alternating positions on the question, particularly as it related to equitable distribution of assets held in India, and there may indeed be legal support for the continued exercise of this state's jurisdiction. Defendant has not briefed the issue before us, and we urge the trial judge to reconsider the question on remand.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5445-15T1