**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2006-18T4

D.S.,

    Plaintiff-Appellant,

v.

Z.S.,

    Defendant-Respondent.

_____

Submitted July 23, 2019 – Decided September 25, 2019

Before Judges Ostrer and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FD-16-1646-14.

D.S., appellant pro se.

Enrico Luciano, attorney for respondent.

PER CURIAM

In this non-dissolution matter, plaintiff D.S. appeals from Family Part orders modifying parenting time. She claims the trial court lacked subject matter

jurisdiction because she and the defendant-father Z.S., as well as their daughter, then eight years old, had all resided in New York for over a year. She also appeals from the award of fees. We reverse the modification order for lack of subject matter jurisdiction, but affirm the award of fees.

As we write primarily for the parties, who are familiar with the history of their extensive litigation in Connecticut, New York, and New Jersey, we highlight only essential facts. Since the child's birth, defendant has resided continuously in New York. Plaintiff lived in Connecticut, New York, and, beginning in 2012, New Jersey; and, again, in New York since 2017.[1] The child apparently resided with plaintiff until the Family Part (by a different judge), in November 2014, awarded defendant sole legal and residential custody.

The November 2014 order followed a plenary hearing. The court found that plaintiff moved with the child from state to state without notice; thwarted defendant's parenting time; made false allegations that defendant physically and sexually abused the child; and coached the child to support those allegations. The court also ordered therapy for the child; required plaintiff to enter therapy;

---

[1] Plaintiff informed the court by an April 2018 letter that she resided in Westchester County. She certified that she relocated to New York the previous year.

A-2006-18T4

and ordered supervised parenting time. The child has lived in New York ever since, and parenting time has occurred only there. Child support proceedings also commenced in New Jersey during plaintiff's residence, but collection and enforcement were transferred to New York in July 2018 based on plaintiff's relocation.

After she moved to New York in 2017, plaintiff attempted to shift the custody litigation there. In a September 2018 order granting an adjournment that plaintiff requested, the Family Part also declared that it retained exclusive and continuous jurisdiction and entered interim relief, including suspending plaintiff's parenting time. Shortly thereafter, the New York Family Court rejected plaintiff's request that it exercise jurisdiction, and declared that it would give full faith and credit to the New Jersey orders.

In orders entered on December 19, 2018 and March 6, 2019, the court finally denied plaintiff's motion to dismiss or change venue, stating that New Jersey would continue to exercise exclusive and continuous jurisdiction. The court also granted defendant's application to enforce litigant's rights. The court awarded him counsel fees and compelled plaintiff to reimburse defendant for various child-related expenses. In response to defendant's application, the court changed the site of supervised parenting time to locations in Manhattan and

Westchester, barred a particular person's continued service as a parenting supervisor, and barred plaintiff from contacting the child outside the site and time for supervised parenting.

We agree that New Jersey lacks exclusive and continuous jurisdiction. This case belongs in New York. The Uniform Child Custody Jurisdiction and Enforcement Act, N.J.S.A. 2A:34-53 to -95, governs the jurisdictional question. See Greely v. Greely, 194 N.J. 168, 178 (2008). The Act is intended to "ensure that custody determinations are made in the state that can best decide the case." Griffith v. Tressel, 394 N.J. Super. 128, 138 (App. Div. 2007).

We assume for purposes of our decision that New Jersey was the child's "home state" in 2014, see N.J.S.A. 2A:34-54 (defining "home state" to mean "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commence of a child custody proceeding"), and the Family Part had jurisdiction to make "an initial child custody determination" on that basis. See N.J.S.A. 2A:34-65(a)(1) (stating that a New Jersey court has jurisdiction to initially determine child custody if, among other grounds, it is the child's home state when the proceeding commences).[2]

---

[2] Apparently, numerous domestic violence orders in multiple states had been entered before the 2014 custody order. However, we need not address whether

However, the court was divested of "exclusive, continuing jurisdiction," and therefore, lacked the jurisdiction to modify its prior order unless it retained "initial child custody jurisdiction." Putting aside temporary and emergency matters, see N.J.S.A. 2A:34-68, and cases involving deployed parents, N.J.S.A. 9:2-12.1, a court that has made an initial child custody determination "has exclusive, continuing jurisdiction over the determination" until either of two eventualities come to pass. N.J.S.A. 2A:34-66(a). First, "neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and . . . substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships." N.J.S.A. 2A:34-66(a)(1); see Griffith, 394 N.J. Super. at 145 (jurisdiction is not lost under this provision "so long as there is either a 'significant connection' or 'substantial evidence'"). Second, "neither the child, nor a parent, nor any person acting as a parent presently resides in this State."

those orders constituted initial custody orders. See Claudia G. Catalano, Construction and Application of Uniform Child Custody Jurisdiction and Enforcement Act's Exclusive, Continuing Jurisdiction Provision – Other Than No Significant Connection/Substantial Evidence, 60 A.L.R.6th 193 §§ 4, 5 (2010) (discussing cases addressing whether domestic violence restraining order constitutes an initial child custody determination).

N.J.S.A. 2A:34-66(a)(2). These are independent grounds. P.H. v. L.W., 456 N.J. Super. 630, 639 (App. Div. 2018). Thus, the absence of both parties and the child suffices, as an initial matter, to divest the court of "exclusive, continuing jurisdiction." Therefore, the trial court erred in finding that it retained exclusive, continuing jurisdiction because New Jersey had a significant connection and substantial evidence – a finding we address below.

Once a court is divested of "exclusive, continuing jurisdiction," it may modify its prior determination "only if it has jurisdiction to make an initial determination under section 13 of this act [N.J.S.A. 2A:34-65]." N.J.S.A. 2A:34-66(b). As noted, we assume home state status provided such jurisdiction in 2014. See N.J.S.A. 2A:34-65(a)(1). But, the child's home state had long since shifted to New York. Thus, one must analyze the other grounds for initial child custody jurisdiction under section 13, N.J.S.A. 2A:34-65.

A New Jersey court may exercise initial jurisdiction if another state lacks home state jurisdiction as defined in N.J.S.A. 2A:34-65(a)(1). N.J.S.A. 2A:34-65(a)(2). However, New York satisfies the home state standard. Alternatively, New Jersey has initial jurisdiction if a court of the child's current home state – in this case, New York – has declined jurisdiction on the ground New Jersey is

a more appropriate forum under N.J.S.A. 2A:34-71 (inconvenient forum) or -72 (jurisdiction declined by reason of conduct), plus two other factors are present:

> (a) the child and the child's parents, or the child and at least one parent or a person acting as a parent have a significant connection with this State other than mere physical presence; and
>
> (b) substantial evidence is available in this State concerning the child's care, protection, training and personal relationships;
>
> [N.J.S.A. 2A:34-65(a)(2).]

We recognize that the New York court declined jurisdiction in October 2018. However, we reject defendant's argument that this provides a basis for New Jersey's continued exercise of jurisdiction. There is no evidence that the New York court declined jurisdiction because it found it was an inconvenient forum or that plaintiff engaged in "unjustifiable conduct." See N.J.S.A. 2A:34-72(a). With respect to the former, we note that virtually all the factors for determining whether a forum is an inconvenient one would favor finding New York a convenient forum, and New Jersey inconvenient. See N.J.S.A. 2A:34-71(b)(1)-(8). The only factor that favors New Jersey is its familiarity with the facts and issues. N.J.S.A. 2A:34-71(b)(8). Yet, just as a series of Family Part judges have been assigned this matter and become familiar with it, so may a judge of the New York Family Court.

Nor does the record reflect that the New York court found the other two factors present – significant connection of the child and at least one parent to New Jersey, and the presence of substantial evidence here "concerning the child's care, protection, training and personal relationship." We presume the New York court declined jurisdiction out of deference to the Family Part's order the previous month, finding – erroneously – that New Jersey retained "exclusive, continuing jurisdiction."

In any event, we discern no substantial basis for finding either factor. Even if plaintiff retained some significant connection to New Jersey as a result of her past residence here and her past association with treatment providers, that does not constitute a significant connection of the child, who has resided in New York since 2014. Nor does the record reflect the presence of "substantial evidence concerning the child's care, protection, training and personal relationship." The child's teachers, therapist, father, and friends are all in New York. Her supervised parenting time with her mother has occurred in New York. While there were certainly custody-related witnesses and evidence in New Jersey in 2014, we are unpersuaded that such evidence retains substantial relevance in modification proceedings in 2019.

A-2006-18T4

The remaining grounds likewise do not apply. It is not the case that "all courts having jurisdiction under paragraph (1) or (2) [N.J.S.A. 2A:34-65(a)(1) or (2)] have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under section 19 or 20 [N.J.S.A. 2A:34-71 or -72]." See N.J.S.A. 2A:34-65(a)(3). Also, it is not true that "no state would have jurisdiction under paragraph (1), (2) or (3) of [N.J.S.A. 2A:34-65(a)(1), (2), or (3)]." See N.J.S.A. 2A:34-65(a)(4). Rather, New York courts would have jurisdiction under paragraph (1) or N.J.S.A. 2A:34-65(a)(1), as New York has been the child's home state.

Defendant also contends, citing an unpublished opinion of our court, that New Jersey may continue to exercise exclusive, continuing jurisdiction "when legal proceedings or orders are still open and have neither been terminated or stayed by the party challenging jurisdiction." Defendant points to an August 4, 2017 order, by a different judge, that denied without prejudice plaintiff's motion to exercise unsupervised parenting time, which was supported by a letter from her therapist. The court entered an order stating that the therapist "is to contact" several other sources of information and "supplement his determination as to whether or not [plaintiff] should have unsupervised parenting time . . . ."

Defendant asserts those contacts were not made, no supplemental report was filed, and the 2017 motion is therefore still pending.

We are unpersuaded. We need not address the principle of law that defendant contends was articulated in the unpublished opinion. See R. 1:36-3. We are satisfied that the 2017 motion is not still pending. Notably, the trial court entered an order in September 2017 confirming that plaintiff's "application to have unsupervised visitation with the minor child . . . is denied at this time." It was up to plaintiff to renew her request for unsupervised parenting time with the supplemental report outlined by the court. But, unless and until she did so, the motion was denied.

In sum, New Jersey no longer has exclusive, continuing jurisdiction. See N.J.S.A. 2A:34-66(a). Nor does the Family Part have jurisdiction to modify its previous orders. See N.J.S.A. 2A:34-66(b); N.J.S.A. 2A:34-65. The New York court did not decline jurisdiction for the reasons specified in N.J.S.A. 2A:34-65(a)(2). We therefore reverse the trial court's modification of the custody and parenting time order, and remand for dismissal of the custody matter. However, we stay our order for thirty days, to permit plaintiff to commence proceedings in New York. Once that occurs, the stay shall be dissolved and the case dismissed. See P.H. v. L.W., 456 N.J. Super. at 641 (staying dismissal for lack

of jurisdiction until commencement of proceedings in alternative forum); cf. N.J.S.A. 2A:34-71(c) (providing for a conditional stay when New Jersey determines it is an inconvenient forum and proceedings should commence in "a more appropriate forum").

We briefly address plaintiff's challenge to the award of attorney's fees. Although the Family Part lacked jurisdiction to modify its prior orders, it retained the power to enforce them absent the exercise of jurisdiction by New York. See In re Marriage of Medill, 40 P.3d 1087, 1096 (Ore. 2002) (explaining that the Uniform Child Custody Jurisdiction and Enforcement Act does not limit the enforcement power of a court that lacks modification jurisdiction, noting a "child custody proceeding" [see N.J.S.A. 2A:34-54] excludes enforcement).

The court ordered plaintiff to pay $1,677.50 in counsel fees that were previously awarded in 2016 and reaffirmed in 2017. As plaintiff did not appeal from those orders, plaintiff's appeal from that aspect of the judge's order lacks merit. The court also ordered plaintiff to pay $3,297.50, representing defendant's fees incurred in enforcing his litigant's rights, including enforcing supervised parenting time as previously ordered. Plaintiff contends she lacks the ability to pay. However, "[w]e will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse

of discretion."  Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).  The judge addressed the factors set forth in Rule 5:3-5, including plaintiff's income, and concluded that the award of fees was appropriate.  We discern no clear abuse of discretion.

Affirmed in part; reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2006-18T4